## Street *v.* Kellogg's Executors.

The act of 1833 does not make the record of the notary public, verified on oath, evidence in the county of his residence.

IN ERROR from the circuit court of the county of Adams.

George W. Kellogg, in his life-time, brought suit against M. B. Street, as indorser of a promissory note for sixteen hundred dollars.

To prove demand and notice, on the trial the plaintiff introduced the notarial record of James K. Cook, which was objected to, because Cook was a citizen of the county of Adams, where the note was protested and the suit brought, on the ground that the statute did not authorize such records to be read as evidence in the county where the notary resided. It appeared from the protest that Cook was a resident of Natchez, within the county of Adams. This fact was also proved by a witness on the trial. The court permitted the record to go to the jury, which is assigned for error.

SANDERS, for plaintiff in error.

1. The point relied upon for reversal in this cause is mainly the error committed by the court below in permitting the record of James K. Cook to be read as evidence.

James K. Cook is a justice of the peace, and not a notary public. True, the law confers the same powers upon justices of the peace that belonged to notaries; but it does not give the same effect to their record. The official act of a notary public, certified under his hand and attested by his notarial seal, shall be held, &c. to be conclusive evidence of the protest of such note. How. & Hutch. sec. 33, p. 609, but not that he gave notice.

The act of 1822, requiring a notary public to provide a seal, is as follows: "Every notary public shall provide a notarial seal,

with which he shall authenticate all his acts, instruments, and attestations; on which seal shall be engraved an eagle, and the name, surname, and office of the notary, and his place of residence." See last par. sec. 36, p. 433, 434, of How. & Hutch. Digest. The acts of the legislature which confer upon justices of the peace notarial powers, are as follows, act of 1833: "Where there is a notary public, or where the notary public is absent or incapable of acting, any justice of the peace may discharge the duties required of such notary public by the laws of this state, for which he shall receive the fees allowed by law for such services."

The act of 1836, (same book, sec. 39,) is as follows: "From and after the passage of this act, all the powers heretofore belonging to notaries public shall ex-officio be and vest in justices of the peace of the respective counties of this state. All acts which may hereafter be done by justices of the peace of this state of a notarial character shall receive the same credit and legal import as are attached to the acts of notaries public, within the United States. Every justice of the peace in this state shall keep a separate and distinct register of all his acts of a notarial character, and shall, when thereto required, give a certified copy of any record in his office unto any person paying the legal fees for the same. The fees hereafter to be allowed to justices of the peace for notarial acts and transcripts of notarial records, shall be the same as are now allowed to notaries public. Every justice of the peace may authenticate all his acts, instruments, and attestations, by his common seal of office."

This act confers upon the acts of justices of the peace the same credit and legal import as are attached to the acts of notaries public within the United States. He is required to keep a register and give certificates of his records; but it is no where said that those records, or certificates of records, shall be evidence in any court of justice, particularly in the county where the justice resides, and where the justice is within the reach of the process or summons of the court, as is done in the second paragraph of sec. 33, of the act of 1833. H. & H. Digest, 609.

VAN HOSEN for defendant in error.

*Per Curiam.*

Street, the plaintiff in error, was sued in the circuit court of
Adams county, as indorser of a promissory note. To prove de-
mand and notice, the notarial record of James K. Cook was intro-
duced, which was objected to, because Cook was a citizen of said
county. It appears from the protest that Cook was a citizen of
Natchez, within the county of Adams, and this fact was also prov-
en by a witness.

This notarial record was introduced, we suppose, under the act
of 1833, which provides for the admissibility of such evidence in
certain cases. The object of the law cannot be mistaken; it was
designed to establish a rule of convenience, suggested by the dif-
ficulties which parties labored under who required the evidence
of a notary, when at the same time his evidence might be required
by another party in a different part of the state. Hence the act
provides that wherever it should be necessary to have the evidence
of a notary to testify concerning any protest, that the official act,
certified under his hand and seal, shall be taken and received as
evidence; and the same section concludes with these words: "and
the said notary shall not be required by any subpœna to go be-
yond the limits of the county of his residence to give evidence,
&c." This language is but explanatory of the preceding part of
the section; and why was it added, if he cannot be compelled to
attend within the county? It is no answer to say that he is com-
pelled to attend if subpœnaed; but if not subpœnaed, his record
becomes evidence. His record is but secondary evidence; and if
he is bound to attend a subpœna, his record cannot be used. It
can only be used out of the county, because he is not bound to
attend. But there is a proviso to the act which makes the matter
perfectly plain. It says: "Provided, however, every notary public
shall be, and they are hereby required to attend the courts of the
counties of their respective residence, when thereto required by
subpœna." This proviso seems to have been inserted expressly
with a view to obviate any doubt, and to make it perfectly plain
how far the rule was to extend. It is a limitation on the rule
established by the preceding part of the law. We can conceive

Street *v.* Kellogg's Executors.

no reason why they should be required to attend the courts of their counties if their records could be used as evidence, for that record is required to contain every thing necessary to hold all parties liable, or rather to contain all the facts, and we cannot perceive what object the legislature had in view by inserting the proviso, unless, as we have supposed, it is to operate as a limitation. The whole reason of the law fails when applied to the county of the notary's residence. We therefore think the record ought to have been rejected.

Judgment reversed, and cause remanded.