Campbell v. Leonard.

ing the judgment, or by proceeding in equity; and that if the jury should find from the evidence that a judgment had been rendered in the District Court upon a note which constituted any part of the claim or promise sued upon, they should find for the defendant.

The jury in their retirement gave a verdict for plaintiff directly against the instructions of the court, which, upon motion was set aside, and a new trial granted. From this ruling of the court the appeal comes.

*James M. Ellwood* for the appellant.

*Cole & Jewett* for the appellee.

CAMPBELL v. LEONARD.

1. LEVY UPON AND SALE OF PERSONAL PROPERTY. As a general rule, the right to levy upon and sell personal property is measured by the power to take and deliver possession thereof.

2. SAME: AS TO MORTGAGED PROPERTY. The mortgagor of personal prop-
erty in this State has no interest therein which can be levied upon
and sold under execution.

*Appeal from Scott District Court.*

MONDAY, APRIL 15.

ON the 22d day of September, 1858, Parker & Spearing,
who kept a livery stable in the city of Davenport, were
indebted to plaintiff on two promissory notes executed by
them, as follows: One for $75, dated March 9, 1858, and
payable in ten days thereafter; and the other for $950,
dated August 4th, 1858, and due thirty days thereafter.

On the 22d day of September following, both notes being
then past due and unpaid, Parker & Spearing, in order to
secure the payment of said notes, executed to plaintiff a
chattel mortgage on a lot of horses, carriages, sleighs, har-
ness, &c., being a part of their livery stock, which was filed
for record on the 1st day of December, 1858. Early in
March following, one Samuel Hirschel and O. & G. Waeber,
severally, as judgment creditors, sued out executions against
Parker & Spearing; which, being placed in the hands of the
defendant, then sheriff of Scott county, were levied upon the
property mortgaged as aforesaid to plaintiff, and thus
reduced to the possession of the sheriff. After the seizure,
a demand was made by plaintiff for a surrender of the prop-
erty, which being refused, this suit was instituted to recover
the value of the property as having been wrongfully taken
and converted by the defendant, Leonard. The plaintiff
founded his claim to said property and the possession thereof
upon his mortgage above described, except as to one piece
or article of the property to which he set up a further and
other title than what he derived from the mortgage.

The defendant, after denying generally the allegations of
the plaintiff's petition, justified his right to the possession
of said property by virtue of the levy and seizure under the
two executions above specified. Upon a hearing and trial

of the cause a verdict was rendered in favor of the plaintiff for $1,281,25; and from a judgment thereon the defendant appeals.

*James Grant* for the appellant.

We lay down the following principles as applicable to this case:

1. That any use of the mortgaged property, with the consent of the mortgagee, by the mortgagor, inconsistent with the design of a *bona fide* mortgage, renders the mortgage fraudulent, and this is conclusive evidence of fraud, if permitted after forfeiture.

2. That permitting the debtor to remain in possession of the property after forfeiture, using it as his own, selling some, wearing out others, renders it fraudulent.

3. That the neglect to record the mortgage, the permitting the debtor to remain in possession, the refusal to foreclose when demanded by another creditor because he did not wish to distress the debtor, are evidences of fraud, show an intent to delay and hinder creditors; and though for a valid consideration, are *mala fide* and fraudulent.

And in support of these propositions cite the following authorities: *Twyne's Cases* Coke's Ab. R. 62; *Freeman* v. *Rawson*, 5 Ohio 1; *Collins* v. *Myers*, 10 Ib. 547; *Haman* v. *Alley*, 7 Ib. 218; 5 Serg. & R. 275; *Davis* v. *Ransom*, 15 Ill. 396; *Kuykendall* v. *McDonald*, 15 Mo. 416; Smith's L. C. 42; *Buchlin* v. *Thompson*, 1 J. J. Marsh. 223; *Jordan* v. *Turner*, 3 Blackf. 309; *Coburn* v. *Peck*, 3 N. H. 415; *North* v *Crowell*, 11 Ib. 254; *Gist* v. *Persley, et al*, 2 Hill S. C. 318; *Maples* v. *Maples*, Rice's Eq. 300; *Fishbone* v. *Kinkead*, 1 Spear's L. 556, 564; *Ryan* v. *Clinton*, 3 Strob. 413, 423; *Carpenter* v. *Mayer*, 5 Watts 483; *Kendall* v. *Sampson*, 12 Verm. 515; *Morris* v. *Hyde*, 8 Ib. 352; *Rogers* v. *Vail*, 16 Ib. 327; *Robbins* v. *Parker*, 3. Met. 117; *Many* v. *Killinger*, 7 Geo. 440, 446; *Patten* v. *Smith*, 5 Conn. 196; *Ingraham* v. *Wheeler*, 6 Ib. 267; *Swift* v.

*Thompson*, 9 Ib. 63; *Mills* v. *Caupp*, 14 Ib. 219, 241, 530.

*Davison & True* for the appellee.

I. The legal title was in the mortgagee, and after forfeiture both the legal title and right of possession, the absolute title, vested in him. Code of 1851, section 1210; *Talbot* v. *De Forest*, 3 G. Greene 586, and the authorities there cited; *Burdick* v. *McVarner*, 2 Denio 170.

II. The person who is entitled to the possession, (having the legal title,) is constructively in possession; and in contemplation of law, actually possessed, and may maintain trespass or trover for a seizure by a third party. *Soper* v. *Sumner*, 5 Verm. 294; *Batchelder* v. *Warren*, 19 Verm. 371; *Putnam* v. *Willey*, 8 John 432; *Thorp* v. *Burling*, 11 Ib. 285.

III. A mortgage in this State is valid as against creditors and purchasers, if recorded, though the mortgagor retain possession of the mortgaged property; and it matters not whether the retention of possession be consistent or inconsistent with the terms of the conveyance. If the mortgagor retain the possession and it is not recorded, it is invalid as to purchasers and creditors. Code of 1851, section 1195. (In the discussion of this proposition, counsel reviewed all of the authorities cited by appellant's counsel, and contended that the rule established by many of them has been changed by section 1195; and that many of those cited are not applicable to the case at bar.)

Lowe, C. J.—The errors assigned raise three or four distinct questions.

1. Whether the retention of the property mortgaged after forfeiture by the mortgagors, under the circumstances detailed in the evidence and the stipulations of the parties in in the mortgage contract, constitute a legal fraud which the court may determine, or whether they are badges of a fraud-

ulent intent and want of good faith, open to explanation, which should be submitted to the jury.

2. Whether the mortgagors had any interest in the mortgaged property which was seizable on execution.

3. The improper introduction and exclusion of certain evidence on trial.

4. The refusal of the court to grant a new trial for the reasons assigned.

These questions will be considered in their inverse order. Aside from the questions of law involved in the three first propositions, which will be noticed in their place, we discover no sufficient reason for disturbing the verdict of the jury. It can not be claimed, under the evidence, as certified to us, that it is so clearly against the weight of the same as to authorize a reversal of this case on that account. Admitting the defense as to the five buggies, fairly made out, and that the sale of the four matched horses, under the Hirschel execution, was legally justified, still there was enough of other property taken and sold by the defendant, which would reasonably justify the verdict of the jury. Under such circumstances we can conceive of no legal necessity making it incumbent upon the jury to return a special verdict, justifying the defendant in selling the 'match horses and buggies. Practically, such a verdict could be of no benefit to him, if in fact he was guilty in wrongfully seizing and selling other property at the same time to the full value of the verdict found by the jury; and this we think the evidence shows they had reasonable grounds for believing.

Upon a closer examination of the testimony of Messrs. Corbin and Mitchell, we have concluded to pass the questions raised in regard to the admission of the one and the exclusion of the other, as not being well taken in the first place; and secondly, as possessing no practical importance in the final result of the case, even if the ruling of the court in the premises was technically incorrect.

The question whether a mortgagor has any interest in

chattel property mortgaged by him, which is the subject of a levy and sale by execution has not, that we are aware of, been settled by any direct decision in this State. It would depend, of course, upon the provisions of the execution law, defining what may be seized and sold upon execution. In Kentucky and Indiana they have laws in reference to goods mortgaged being seizable on execution, to the effect, "that where personal property is covered by mortgage, all the right, title and interest, legal and equitable, which the mortgagor has in said property, is subject to be levied upon and sold by execution in the same manner as such property might have been sold if no incumbrance had existed; and the purchaser takes it subject to such incumbrance, and may pay and discharge such incumbrance and thereby perfect his title thereto in the same manner as the mortgagor having an equity of redemption thereto, might do." Upon the Kentucky authorities, founded upon the above statutory provisions, the appellant mainly relies to sustain his position that the mortgagor has an interest which may be sold on execution. But we have no such statute in this State, nor any other provision of law which would authorize such a proceeding. Section 1893, Code of 1851, makes bank bills and other *things in action* the subject of levy and sale, and it is claimed that this necessarily includes the equity of redemption under a chattel mortgage; but not so according to our thinking. The equity of redemption has relation alone to the title of property, redeeming or getting back that title after forfeiture. A chose in action relates to an interest which a party has usually in executory contracts, and which he is to realize in money by action at law, as upon notes, bonds and other contracts. The distinction between the two interests is obvious. It is true that in New York (3 Wend. 500,) it was held that a mortgagor of goods in possession, and having the right of possession *for a time certain* may have a beneficial interest which could be the subject of a sale on execution. But such was not this case.

In the same State, however, it was also held, that after forfeiture the goods could not be seized as the property of the mortgagor, though in his possession. 4 Cow. 461. The authorities are abundant, in the absence of a statute that would authorize it, that goods mortgaged for a debt can not be taken on execution against the mortgagor, until the money is paid or tendered to the mortgagee. 1 Pick. 309, 399; 4 Mason 464; 3 Watts 258; 2 A. K. Marsh. 331; 2 N. H. 13; 8 Miss. 342; 1 Ves. jun. 430. The general rule is that the right to seize and sell is co-extensive only with the power to take and deliver possession. Such power could not exist under our law, which gives to the mortgagee of personal property, both before and after forfeiture, the title and right of possession subject to be divested only on performance of the condition.

The most important, as well as the most difficult question in this case, is the one first above suggested, involving a construction of the statute regulating and defining the rights of parties to chattel mortgages. We have so fully considered this question at the present term in the case of *Torbert* v. *Hayden, ante,* that we deem it unnecessary again to go over the same ground.

It is only necessary for us to say that before writing the opinion in that case, the very able arguments filed by counsel in this cause were carefully examined; and it is believed that the several phases of the question as presented and argued in this case have been considered and passed upon in the one to which reference is now made for an exposition of our views in the matter. These views are adverse to the doctrine contended for by the learned counsel for the appellant. We are satisfied that on the trial of this case below, the court in the main ruled the law of the case correctly.

Affirmed.