## PATTERSON v. PRATT.

1. **Attachment:** PROPERTY IN CUSTODIA LEGIS. Under our statute, money belonging to a debtor and in the possession of a court or officer, may be attached. Rev., 1860, §§ 3196, 3197, 3270.

2. **Fraud:** ABUSE OF PROCESS. The law will not permit any one to gain any benefit or advantage by the fraudulent use and abuse of its process.

*Appeal from Bremer District Court.*

SATURDAY, JANUARY 6.

THE parties have agreed that the following is a true and complete statement of the facts and rulings of the District Court in the cause:

"On or about the 18th day of August, A. D. 1865, one John Dunn filed his affidavit before H. A. Miles, a justice of the peace in Bremer county, Iowa, stating that he had lost the sum of two hundred dollars; that he had good reason to believe, and did believe, that one Samuel Pratt was in possession of said money, and prayed that a search warrant might issue, and that said Pratt be searched. Whereupon the justice issued his warrant, directing any peace officer of the State to search said Pratt, and if any of the money described in said warrant should be found, he should seize the same and bring it before said justice, to await further proceedings thereon.

Said search warrant was, on the same day, placed in the

hands of N. M. Smith, sheriff of Bremer county,.Iowa, to execute.

On the same day the sheriff executed the warrant, by searching the person of Pratt, and upon search found upon his person the sum of $485.12, consisting of United States treasury notes, bank bills and postal currency, of similar denominations to the $200 described in said affidavit. The sheriff thereupon took from said Pratt the said sum of $485.12, and delivered the same, with the pocket-book containing it, together with the search warrant, to the said justice, H. A. Miles.

The grounds on which the search warrant was issued, were not controverted, and Pratt did not ask to have the testimony taken as to the property, but waived an examination.

Pratt asked the justice to pay over to him the amount of money over the sum of $200, which was not done. When the examination was waived, no proof had at that time been received to identify the money that Dunn had lost.

After said money, &c., was so delivered to the justice, an execution was issued out of the clerk's office of the District Court of said county, on a judgment in favor of Samuel Patterson against said Samuel Pratt, and placed in the hands of said sheriff; whereupon said sheriff levied upon the said money in the hands of said justice, and also summoned him to be and appear before the District Court of said county, at the next term thereof, to answer such interrogatories as might be propounded to him as garnishee.

That on the 3d day of said term said garnishee answered that he had in his possession $485.12, including a $20 bill said to be counterfeit, delivered to him on a search warrant, belonging to said Pratt.

Whereupon the court ordered said garnishee to pay said

money to the clerk of said court, which was accordingly done.

On the 4th day of said term said Pratt filed his petition in said court, asking the court to order the clerk to pay over to him all of said money, except so much as said Dunn had sworn that he had lost. Which prayer was refused by the court; but, on the contrary, said court ordered said clerk to pay said Patterson the sum of $156.88, being the amount due on said execution in favor of Patterson against Pratt.

To which rulings and order Pratt then and there excepted and now appeals.

*Brown & Anderson* and *G. C. Wright* for the appellant.

*G. W. Ruddick* for the appellee.

DILLON J. — The appellant, Pratt, rests his claim for a reversal of the ruling of the District Court, upon two grounds:

1, ATTACH- 1st. That the money levied on by Patterson's
MENT:
property *in* execution, was *in custodia legis*, and therefore not
*custodia*
*legis.* liable to be seized on execution or by garnishment.

2d. That the execution creditor, or others, have misused and abused the process of the law, and should not be allowed to reap any advantage therefrom.

These positions we will examine separately in the order stated.

Aside from statuory provision, the weight of authority would seem to be, that money in the custody of the law, is not subject to levy or garnishment. See authorities collected in Drake on Attach., § 503 and following. It may perhaps admit of question, whether as respects the process of gar-

nishment, this was the wiser and better rule. But this consideration is not material, because in this State the law on this subject is declared by legislative enactment.

"A sheriff or constable may be garnisheed for money of the defendant in his hands." Rev., § 3196.

"When the property to be attached, is a fund in court," it may be attached or levied upon in the way pointed out by statute. Rev., §§ 3197, 3270.

The money out of which the District Court ordered Patterson to be paid, was a "fund in court" within the meaning and design of the statute. The appellant argues, that the statute contemplates a fund "that has come into court legitimately by civil process, or by the consent and volition of the execution debtor."

It is a sufficient reply to this position, that there is nothing in the agreed statement of facts showing that the court did not acquire possession of the money legitimately; and that in our opinion a fund may properly find its way into court without the consent or volition of the party from whom it was obtained.

In regard to the other ground taken by the appellant, viz.: that the money was obtained from him by force or 2. FRAUD: fraud, and the abuse of the process of the law, abuse of process. and that the law will not allow him to suffer in consequence, or the illegal actors to gain any benefit therefrom, we admit the principle of law contended for, but deem it inapplicable to the facts of the present case.

The powers and processes of the law are given for the purposes of justice. Persons may not unwarrantably make use of the machinery of criminal law to accomplish private ends. To prevent the authority with which the law clothes its officers from being abused, perverted, or exceeded, the law sternly proclaims, in the language of Lord HOLT, "that no lawful thing can be founded on a wrongful act;" that no valid rights shall be builded upon a foundation of

fraud, official oppression, or abuse of official power, or perversion by individuals of the law's machinery and authority. There is too much temptation to do this, but "the wise policy of the law has put the sting of disability into the temptation," by declaring that those who abuse it shall reap no advantage therefrom. *Pomeroy & Co.* v. *Parmlee*, 9 Iowa, 140; *S. C.*, 10 Id., 154.

But we see no evidence of an abuse of the law, in the case at bar, by any party, much less by the appellee. One Dunn, and not the appellee, caused the search warrant to be issued. It is not shown that the appellee knew it was to be applied for. It is not shown that this was a scheme between Dunn and appellee to get hold of the money of the appellant. The charge against Pratt is not shown to have been a fabricated or a false one; and the record fairly warrants the inference, at least does not negative it, that Dunn, in causing Pratt to be searched, "got," to use a phrase which has become historical, "the right pig by the ear." See *State* v. *Pratt*, 20 Iowa; 3 Hume's Eng., ch. 30, p. 182.

The money was properly returned by the sheriff to the justice for identification, and by the justice to the District Court.

In ordering Patterson to be paid, the District Court did exactly right, and its judgment is accordingly

Affirmed.