GORDON *et al.* v. HARDIN.

Mortgage: PERSONAL PROPERTY: INTEREST OF MORTGAGOR. A mortgagor of personal property has no interest therein which can be levied on and sold under execution.

*Appeal from Poweshiek District Court.*

WEDNESDAY, MARCH 27.

REPLEVIN for two horses and a set of double harness. The cause was tried by the court without a jury, and the following facts found. February 20, 1870, plaintiff, Gordon, purchased the property in controversy and certain other property, and gave therefor his promissory notes with Clark, the intervenor, as security. On the 25th of the same month, Gordon, for the purpose of securing Clark, on account of said notes, executed to him a mortgage upon the property in dispute, conditioned to be void upon the payment of the debt for which Clark was security. The mortgage stipulates that, in default of the payment of either of the notes, or in case of Gordon's attempting to dispose of, or remove the property or any part of it, out of the county, or if Clark should, at any time, deem it for his greater safety, then he should have the right to take immediate possession of the property mortgaged wherever found, the mortgage itself being his authority therefor, and he should have the right to sell it at public auction to satisfy the amounts due upon the

notes.   The mortgage was given in good faith and duly filed for record.   On the 18th day of May, 1870, after the mortgage was recorded, the defendant levied an execution, issued upon a judgment against Gordon, upon the property which was then in Gordon's possession.   On the 23d day of May, 1870, Gordon instituted this suit.   Clark, by his petition as intervenor, claims the property; but it does not appear when his petition was filed.   The court adjudged that the intervenor was entitled to the possession of the property, and judgment, with costs, was rendered accordingly against defendant; who now appeals to this court.

*Robinson & Patterson*, and *M. Phelps* for the appellant.

*Pruyn & Haines* for the appellee.

BECK, Ch. J.—The defendant claims to hold the property upon an execution issued on a judgment against Gordon, who had owned the chattels and executed a mortgage thereon.   Under the mortgage, Clark held the title and right of possession of the property.   His claim as intervenor is based thereon.   As against Gordon, his right is clear and cannot be disputed.   Did defendant acquire, under the levy, the right to the possession of the chattels? This court has held that a mortgagor of personal property has no interest therein which can be levied upon and sold under execution.   *Campbell* v. *Leonard*, 11 Iowa, 489. Gordon having no interest in the property that could have been taken upon the execution, the levy made by defendant did not defeat the title of Clark and his right of possession.   As against defendant, also, Clark is entitled to the property.   The judgment of the district court must be

Affirmed.

BECK, J.—A petition for rehearing in this case presents one or two points which demand a brief notice. They were not overlooked in the first consideration of the case, but the confidence with which counsel again presents them seems to require an answer thereto.

I. It is insisted that, at the time of the commencement of the action, Gordon had the right of possession of the property, until the maturity of the notes. Having the actual possession united with this right, he held a beneficial interest, which could be the subject of sale on execution. But, in fact, under the very terms of the mortgage, his possession was only permissible on the part of Clark. The instrument expressly provides that, "if Clark should at any time deem it for his greater safety," then he shall have the right to take immediate possession of the property mortgaged, wherever found. Gordon did not hold the property under a right of possession, but by permission of Clark. In this counsel's position is not supported by the facts.

II. Counsel claim that the execution was levied before the mortgage was recorded, and that the statement of facts upon which the foregoing opinion is based is, in this particular, inaccurate. But, even conceding this inaccuracy, the fact, as stated by counsel, namely, that the mortgage was recorded after, though executed and delivered before, the levy of execution, does not change our conclusion as to the legal rights of the parties. The good faith of the parties to the mortgage, and the notice thereof to the creditors, are not questioned. As between the parties, the instrument conveyed the title of the property to the mortgagee. The execution could be levied only upon property of the defendant; by the mortgage the title and right to the property had passed from the mortgagor to the mortgagee; it could not, therefore, be reached by the execution. Again, the defendant had actual notice of the mortgage before the execution was levied. That notice

was just as effectual in establishing the rights of this party as the due record of the instrument would have been.

We are of the opinion that the case requires no further consideration. The opinion heretofore filed is adhered to, and the petition for a rehearing is overruled.

Affirmed.