## HOFFMAN v. WETHERELL.

1. **Garnishment:** PROPERTY IN THE HANDS OF SHERIFF: MORTGAGE. Where mortgaged chattels have been seized by the sheriff, to be sold under the mortgage, the balance of the proceeds, after the satisfaction of the mortgage, is the property of the mortgagor, and in an action against the latter is subject to a garnishment process served upon the officer.

*Appeal from Clinton Circuit Court.*

TUESDAY, DECEMBER 14.

ACTION at law. There was a judgment in favor of defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Foster & Bice*, for appellant.

*R. M. Rockwell*, for appellee.

BECK, J.—Plaintiff brought his action by attachment against Ringer, and garnisheed one Adams, a deputy sheriff, who held certain goods, covered by a chattel mortgage given to secure one Aikin, for the purpose of sale, in order to foreclose the mortgage.

After the process of garnishment was served upon Adams, defendant caused a garnishment process to issue in a suit against Ringer, and served the same upon one Prescott, who had become the assignee of Aikin's rights under the mortgage. Prescott thereupon demanded the goods of Adams, who refused to deliver them up until released from the writ of garnishment served upon him. It was then agreed by plaintiff, and Prescott as the agent of defendant, that Adams should sell the goods, pay off the mortgage, and hold the balance of the money to be disposed of according to law. This was done, and there is a balance in Adams' hands.

Wetherell intervenes, claiming the money in Adams' hands on the garnishment proceedings.

The foreclosure of the mortgage, by the sale made by the deputy sheriff, in the manner prescribed in this case, is authorized by law. Code, Chap. 4, Title 20.

A sheriff may be garnisheed for money of a defendant in his hands. Code, Sec. 2976; *Patterson v. Pratt*, 19 Iowa, 358. This provision extends to the case where money is received in the discharge of official duties by a sheriff for the purpose of collecting a claim, as in this case.

The surplus of the money, after paying the mortgage, remaining in the officer's hands, is to be paid, not to the mortgagee, but to the mortgagor. Code, Sec. 3324. In this case, in the absence of the garnishment proceedings, the deputy sheriff would have been required to pay the surplus of the money to Ringer, not to Prescott. It is very plain, therefore, that the process of garnishment served upon the deputy sheriff, Adams, bound the balance of the money, after paying the mortgage, which remained in his hands. As Prescott was not entitled to receive such money in any event, the intervenor acquired no lien or right thereto, by the garnishment proceedings instituted by him, the writ being served

upon Prescott, a party that had, and could have, no right to the possession of the money.

The judgment of the Circuit Court is

REVERSED.