Davis v. Wilson.

DAVIS v. WILSON ET AL.

52 | 187
82 | 355

52 | 187
89 | 622

1. **Judgment**: PURCHASE OF: SURETY ON INJUNCTION BOND. A surety upon an injunction bond, to restrain the collection of a judgment, is not a party to the judgment in such sense that he cannot purchase it after the injunction is dissolved, and an assignment thereof to him will not operate as a payment and release the property of the judgment debtor from the lien of the judgment, though the surety took indemnity when he signed the bond.

2. **Garnishment**: SURETY: PROPERTY HELD AS INDEMNITY. A surety upon an injunction bond, who took as indemnity a bill of sale of certain chattels, was garnished under an attachment against his principal: *Held*, that such attachment was valid and gave the creditor a lien upon the proceeds of the property after indemnifying the surety. It was not essential to the validity of the attachment that it should appear that the debtor had no other property subject to attachment, or that he was insolvent.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 25.

THE plaintiff commenced this action against the defendants, A. R. Wilson and E. P. Wilson, upon a promissory note for the sum of $2,900.00, dated March 15th, 1878, and for the foreclosure of a mortgage of the same date, executed by A. R. and E. P. Wilson to secure said note. The petition alleges that Walter G. Reed has, or claims to have, some interest in or lien upon the real estate described in the mortgage, and avers that such interest or lien is inferior to the lien of plaintiff.

The defendant Walter G. Reed appeared and answered, in substance alleging that on the 7th day of September, 1877, J. K. and W. H. Gilcrest recovered a judgment in the Polk Circuit Court against the defendant E. P. Wilson, for the sum of $387.09, and costs, and that by the decree of said court the said J. K. and W. H. Gilcrest had a lien for the amount of said judgment upon the property described in the mortgage sued upon; that said judgment remains in full force and is entirely unpaid; that on the 16th day of September, 1878, the said J. K. and W. H. Gilcrest sold, assigned and transferred in writing the said judgment to this defendant; that the lien

of said judgment is prior and superior to the lien of plaintiff on said land; that on the 4th day of May, 1878, and prior to the purchase of the judgment by this defendant, he was induced by the defendants E. P. and A. R. Wilson to sign an injunction bond in the sum of nine hundred dollars, in a suit instituted by the defendant E. P. Wilson, against George Lendrum, sheriff, and J. K. and W. H. Gilcrest, to enjoin the said sheriff from the sale of property under a special execution issued on the judgment hereinbefore referred to; and by reason of said bond and the injunction which issued, the said sheriff was enjoined from making said sale as directed by said special execution, which injunction, at the August term, 1878, of said court was dissolved at the plaintiff's costs; that to indemnify this defendant against loss and damage on account of said injunction bond the defendant A. R. Wilson executed to this defendant a bill of sale on one white mare, known as Lady Elgin, and one roan stallion, known as Henry Clay; that after the execution of said bill of sale A. R. Wilson absconded, and this defendant seized the property described in said bill of sale, and has held the same hitherto; that soon after this defendant acquired the possession of said personal property, C. H. McCormick & Bro. instituted in the Polk Circuit Court proceedings by attachment against the defendant A. R. Wilson, and under such attachment garnished this defendant, and are now insisting that this defendant account to the said C. H. McCormick & Bro. for said personal property after this defendant's reasonable costs, charges and damages are paid; that the plaintiff herein is insisting that this defendant apply the proceeds of said property on said judgment and lien against said real estate; that said bill of sale contains no power or authority for the sale of said personal property, which is supposed to be of the value of from two to five hundred dollars, and the defendant has laid out and expended $—— in obtaining possession of and caring for said property, and that fifty dollars is a reasonable fee for his attorney. The defendant Reed prays that, on the hearing of the cause, defendant's judgment and the lien thereof be protected and held paramount to the lien of plaintiff's mortgage; that the said McCormick & Bro.

may be made parties defendant, and be required to answer herein; that the court find the amount due this defendant for keeping said property and expenses incurred in seizing the same, and render judgment therefor, together with the sum of fifty dollars for attorney's fees; that said personal property be sold, and the proceeds arising therefrom be first applied in the discharge of the costs taxed in the injunction suit, and in the payment of the costs and expenses incurred in seizing and keeping said property, and in payment of this defendant's attorney's fees, and that the remainder be applied to the payment of the judgment and lien of this defendant, and that this answer be made a cross-bill as against plaintiff and this defendant's co-defendants, and that defendant have general relief.

McCormick & Bro. filed a petition of intervention, in substance alleging that they have a valid claim against A. R. Wilson for $375.00, upon which an action at law is pending; that in said suit W. G. Reed was attached as garnishee; that Reed has ample security for the payment of his judgment upon the real estate of E. P. Wilson, and the intervenors have no lien thereon or interest therein, and that A. R. Wilson is insolvent and non-resident of the state. Intervenors ask that Reed be ordered to exhaust the real estate upon which his judgment is a lien, before resorting to the security which he has under the bill of sale, and that his judgment being satisfied he be directed to turn over to intervenor said horses to satisfy the attachment issued in said cause.

The plaintiff demurred to the cross-bill of W. G. Reed, as follows:

"1.  Said cross-bill shows that prior to the assignment of the said Gilcrest judgment to the defendant he had become surety for the payment thereof, and the assignment of said judgment to defendant did not continue the lien of said judgment in force as against this plaintiff.

"2.  Said cross-bill shows that prior to the assignment of the Gilcrest judgment the defendant had become bound for the payment thereof, and had been indemnified against loss, by reason of such obligation, by the bill of sale in said cross-bill set out, and had taken possession of the property therein de-

scribed, and said defendant was and is not by reason of the premises entitled to be subrogated to the right of said Gilcrest under said judgment as against this plaintiff, or his rights under the mortgage sued on herein."

The plaintiff also demurred to the petition of intervention of O. H. McCormick & Bro., as follows:

"1. Said petition shows that W. G. Reed became liable to pay the Gilcrest judgment, by reason of having signed an injunction bond for Mrs. E. P. Wilson, as set out in petition, and that said judgment is discharged as against this plaintiff, James Davis, and that said Reed holds said two horses as his sole indemnity as surety for Mrs. E. P. Wilson, his principal.

"2. That said McCormick & Bro. can acquire no lien or interest in said horses for the reason that they are a trust fund in the hands of said Reed for the securing and paying said judgment, and are so inseparably connected with the same that intervenors can acquire no lien whatever.

"3. That said petition fails to show that there was no other property of A. R. Wilson that could have been reached at the time of the issuance of the attachment, or that he was insolvent."

The court overruled each of these demurrers. The plaintiff excepted and elected to stand upon his demurrer, and refused to further plead. The cause proceeded to hearing, and upon the proofs it was adjudged that the defendant Walter G. Reed is the owner of the judgment of J. K. and W. H. Gilcrest against Eliza P. Wilson, that the lien of said judgment upon the premises described in plaintiff's mortgage is senior and paramount to the mortgage of plaintiff thereon, sought to be foreclosed in this action, and that the said Reed as owner thereof have the right to sell said premises under execution upon said judgment for satisfaction thereof, and this cause is continued for further hearing and decree as to all the other issues in this case. The plaintiffs appeal.

*Holmes & Nottingham*, for appellant.

*Phillips, Goode & Phillips*, for Reed, appellee.

*Barcroft, Given & McCaughan,* for McCormick & Bro., appellee.

DAY, J.—The defendant W. G. Reed was not a party to the judgment recovered by the Gilcrests against E. P. Wilson, either as surety or otherwise. Reed simply became surety upon an injunction bond, in a proceeding instituted by E. P. Wilson to enjoin the sheriff from the sale of property under a special execution issued upon said judgment. Section 3396 of the Code provides that when proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the bond must be conditioned to pay such judgment, or comply with such final order, if the injunction is not made perpetual. Appellant insists that the relation of Reed to this judgment is such that he could not purchase the judgment and take an assignment of it to himself, and that the alleged attempt to do so satisfied the judgment and discharged the lien. In support of this position appellant cites and relies upon *Bones v. Aiken,* 35 Iowa, 534; *Drefahl v. Tuttle,* 42 Id., 177; *Johnston v. Belden,* 49 Id., 301. These authorities are not applicable to this case. They hold that the payment of a judgment by one of several defendants operates as an extinguishment and satisfaction thereof, although the payment be made by one who is, in fact, a surety. That this holding is correct there can be no question, for after the payment of a judgment by a party to it, it must, in law, be regarded as satisfied. But that is not this case; Reed does not appear upon the record as a party to the judgment. So far as the record in the main case shows, he is a mere stranger to the proceeding. True, in another case, a distinct proceeding, he executed a bond in which he agreed, upon the happening of certain contingencies, to pay this judgment. But he did not, we think, by this act become a party to the judgment, nor deprive himself of the right to purchase and take an assignment of the judgment. Appellant has devoted much time to a discussion of Reed's equitable right to subrogation to the lien of the judgment creditors, the Gilcrests. That question is not in this case. If Reed had simply paid off the judgment, without

**Marginal note:** 1. JUDGMENT: purchase of: surety on injunction bond.

more, that question might have arisen.   But the answer alleges that Reed purchased the judgment and took a written assignment to himself.   He had a right to make such purchase, and he holds the judgment with its lien unsatisfied.   The appellant devotes much time to the discussion of the proposition that a surety cannot speculate upon his principal, and that, whatever form the transaction assumes, the surety cannot recover of his principal more than the surety actually pays. That question is not in this case.   The Wilsons make no defense or complaint.   It nowhere appears in the record that Reed paid for the judgment less than its face; there is no presumption that he paid less.   Even if it appeared that Reed paid less than the face of the judgment, we do not see how the plaintiff can insist upon that fact.   The judgment is a prior lien to the plaintiff's mortgage, and the plaintiff has no ground of complaint if the judgment is enforced to its full extent.   The fact that Reed took indemnity when he signed the injunction bond does not, we think, affect his right to purchase the judgment.   This disposes of the ruling upon the demurrer to Reed's cross-petition.

II.   The points in the demurrer to the petition of intervention of McCormick, in addition to what has already been considered, are as follows:   "That said C. H. McCormick & Bro. can acquire no lien or interest in said horses, for the reason that they are a trust fund in the hands of said Reed for the securing and paying said judgment, and are so inseparably connected with the same that intervenors can acquire no lien whatever.   That said petition fails to show that there was no other property of A. R. Wilson that could have been attached at the time of the issuance of the attachment, or that he was insolvent."

2. GARNISH-
MENT: surety:
property held
as indemnity.

*First.*   Notwithstanding the fact that Reed held a bill of sale upon the chattel property for the purpose of indemnifying him against loss on the injunction bond, the proceeds of the property, after satisfying Reed, were liable to attachment by the garnishment of Reed.   See *Torbert v. Hayden,* 11 Iowa, 435 (444); *Brainard v. Van Kuran,* 22 Id., 261; *Hoffman v. Wetherell,* 42 Id., 89.

*Second.* In order to authorize such garnishment it is not necessary that it should appear that at the time of the garnishment the debtor had no other property liable to attachment, or was insolvent. It is necessary only that one of the grounds for attachment should exist. This view disposes of the demurrer to the petition of intervenors, and of all the questions properly before us for consideration. The court simply overruled the demurrer, and determined that Reed has the right to sell the premises under execution. All the other issues in the case were continued for further hearing. The intervenors pray, in their petition, that Reed be ordered to exhaust the real estate upon which his judgment is a lien before resorting to his security under the bill of sale. The court did not pass upon his right to that relief, and that question is not now before us. All that we can properly now determine is that there was no error in overruling the demurrers.

AFFIRMED.