WELLS & CO. v. SABELOWITZ, DEFENDANT, AND FRANK BROS. & CO., INTERVENORS.

STEIN v. THE SAME.

1. **Chattel Mortgage:** ATTACHMENT OF MORTGAGED PROPERTY: SECOND MORTGAGE SUBSEQUENT TO ATTACHMENT: WHICH PREVAILS. The interest retained by the mortgagor of personal property in the property mortgaged, where the mortgagee has the right at any time to take possession, cannot be levied on and sold under execution or attachment against the mortgagor, but he may incumber it with a second mortgage. (See cases cited.) Accordingly, where the property was seized under a writ of attachment against the mortgagor and he, while it was in the custody of the officer under such seizure, executed a second mortgage upon it, *held* that the second mortgagee was entitled to the property, or its proceeds, as against the attaching creditors.

*Appeals from Floyd District Court.*

MONDAY, DECEMBER 21.

THESE causes involve the same questions, and will be disposed of in one opinion. The controversy is between plaintiffs, who are attaching creditors, and the intervenors, who hold a chattel mortgage on the property which is the subject of the controversy. The material facts are stated in the opinion. Intervenors recovered in the district court. Plaintiffs appeal.

*P. W. Burr,* for appellants.

*Gibson & Dawson* and *C. A. L. Roszell,* for appellees.

REED, J.—On the thirtieth day of December, 1884, the defendant, Sabelowitz, executed two chattel mortgages, each of which covered the entire stock of goods and merchandise in the building occupied and used by him as a store. One of said mortgages was executed to Joseph Hershburg, and was given to secure an indebtedness of $850. The other

mortgage was given to The First National Bank of Rockford to secure an indebtedness of $400. Said mortgages were duly recorded on the day of their execution, and each contained the provision "that, in case of default made in the payment of the above-mentioned promissory notes, or whenever the mortgagee shall choose so to do, then, and in that case, it shall be lawful for said mortgagee or his assigns, by himself or agent, to take immediate possession of said goods and chattels wherever found, possession of these presents being sufficient therefor, and to sell the same at public auction, or so much thereof as shall be sufficient to pay the amount due thereon." On the first day of January, 1885, the plaintiffs each instituted an action on a money demand against Sabelowitz, in which writs of attachment were sued out, on which the sheriff, on the second day of January, seized the property covered by said mortgages. At the time of this seizure Sabelowitz was in possession of the property. On the third day of January, Sabelowitz executed to intervenors a chattel mortgage, covering the same stock of goods, to secure an indebtedness of $1,000 to them. On the thirteenth of January, Hershberg and the bank delivered their mortgages to the sheriff, and directed him to foreclose the same by selling a sufficient amount of the mortgaged property to pay their debts and the cost of foreclosure. The sheriff thereupon set apart so much of the stock as he thought would be sufficient for the payment of the indebtedness to the mortgagees, and from which he realized more than enough to pay the debts and the costs of the sale. The subject of the controversy between the parties is the portion of the property which was not disposed of under the mortgage sale, and the money derived from the sale of that portion of the stock which was sold in excess of the mortgage debts and costs of the foreclosure. When intervenors' mortgage was executed, the property was in the possession of the sheriff, who was holding it under the levy of the attachments. If a lien was created by the levy of the writs, it is clear that

the interest acquired by intervenors by virtue of their mortgage is junior to such lien; for, as the sheriff was in the actual possession of the property at the time, they were charged with notice of the right under which he held it. But it has often been held by this court that the interest retained by the mortgagor of personal property in the property, where the mortgagee has the right at any time to take possession, cannot be levied on and sold on execution against him. See *Campbell v. Leonard,* 11 Iowa, 489; *Rindskoff v. Lyman,* 16 Id., 260; *Gordon v. Hardin,* 33 Id., 550; *Vanslyck v. Mills,* 34 Id., 375; *Wells v. Chapman,* 59 Id., 658.

Counsel for appellant contends, however, that, while the interest of the mortgagor in the property cannot be levied on and sold on execution, it yet may be seized on attachment, and that it is the duty of the officer serving the writ to levy on such property, if none can be found belonging to the debtor which is unincumbered. He insists that section 2964 of the Code imposes this duty on the officer. The section is as follows: "The sheriff shall, in all cases, attach the amount of property directed, * * * giving that in which the defendant has a legal and unquestionable title a preference over that in which his title is doubtful, or only equitable." But, in our opinion, this section should be regarded as defining the duty of the officer as to the order in which property should be seized upon the writ, rather than as creating a rule as to the interest of the debtor which may be levied on under it. The writ commands the officer to seize an amount of property belonging to the defendant sufficient to satisfy the debt, and the section of the statute directs him as to the manner in which he is to perform the duty imposed upon him. In executing the writ, he is required to seize property in which the defendant has an unquestionable title before resorting to that in which his title is doubtful, or only equitable. He is empowered by the writ to levy upon any property in which the defendant has

an interest which is capable of being appropriated in satisfaction of the debt, but by the statute he is required to exhaust that to which the title is clear, before seizing any in which the interest of the defendant is doubtful or contingent. The reason of the holding that the interest of the mortgagor in the mortgaged property cannot be levied on and sold on execution is, not that he has no interest therein which could be appropriated in satisfaction of his debts, but that the statutes of the state have made no provision under which his interest can be appropriated to that object by judicial sale. The mortgagor retains an interest in the property which he may dispose of by a subsequent mortgage, and which will pass to his assignee under a general assignment. *Tootle v. Taylor*, 64 Iowa, 629; *Gimble v. Ferguson*, 58 Id., 414. But his interest is of such a nature that it cannot, in the absence of statutory provisions, be transferred by judicial process; and we have no provision under which it can be so appropriated. The district court correctly held that plaintiffs obtained no lien on the property by the levy of their writs of attachment.

AFFIRMED.