THE ROCK ISLAND STOVE CO. v. WALROD *et al.*

Fraudulent Conveyance: GIFT TO DAUGHTER: SUBSEQUENT CREDITORS. Where a father, when solvent and out of debt, and with no intention of contracting debts, conveyed land as a gift to his daughter, *held* that subsequent creditors could not have the conveyance set aside and the land subjected to the payment of their claims.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

FILED, OCTOBER 12, 1888.

THIS is an action in the nature of a creditor's bill, by which plaintiff seeks to set aside a transfer of one hundred and sixty acres of land made by the defendant Walrod to defendant Nellie Book, and subject said land to the payment of a judgment held by plaintiff against said Walrod. There was a decree for plaintiff, and defendant appeals

*Smith & Cullison,* for appellant.

No appearance for appellee.

ROTHROCK, J.—The debt upon which the judgment was founded was contracted in September, 1883. In the year 1882 the defendant Walrod was the holder of certain contracts of purchase of the land in controversy from the Chicago, Rock Island & Pacific Railroad Company. He had made certain payments on the same. He made the purchase intending to give the land to his daughter, Nellie Book. In pursuance of this purpose he advised his daughter and her husband that he intended to give the land to his said daughter. Harvey Book, the daughter's husband, went upon the land in the fall of 1882, and did some work in the way of building fence. The land had no building upon it, and was nearly all wild prairie. Early in the spring of 1883, Book built a house on the land, and took up his residence therein. He put up other buildings, and broke prairie, and continued to reside there for two years. He and his wife made payments on the contracts with the railroad company. On the thirteenth day of June, 1883, Walrod assigned said contracts to his daughter, and has never since assumed any control over the land. At the time he made the assignment of the contracts, Walrod was not in debt to any one, and was worth from six to eight thousand dollars. His son was engaged in the hardware business, and he formed a partnership with him in September, 1883. It appears that at that time the son was largely in debt, which fact the defendant did not know. The plaintiff sold to the partnership a bill of goods a short time after the defendant became a member of the firm. It does not appear that the defendant Walrod contemplated or thought of contracting any debts when he assigned the land contracts to his daughter.

The foregoing facts are undisputed. The decree for the plaintiff cannot be sustained. It is contrary to repeated decisions of this court. See *Whitescarver v. Bonney*, 9 Iowa, 480; *Fifield v. Gaston*, 12 Iowa, 218; and *Lyman v. Cessford*, 15 Iowa, 229.

REVERSED.