CITIZENS' STATE BANK, Appellee, v. COUNCIL BLUFFS FUEL COMPANY et al., Appellees, and C. F. LUCE, Garnishee, Appellant.

1. **Chattel Mortgage:** VALIDITY CONTESTED IN GARNISHMENT PROCEEDING. The remedy provided by chapter 117 of Acts of the Twenty-First General Assembly, for contesting the amount due upon a chattel mortgage, is not exclusive, and a creditor who has garnished a chattel mortgagee in possession may attack the validity of his mortgage in the garnishment proceeding.

2. **Garnishment:** LIABILITY OF GARNISHEE. Where a garnishee pays no attention to the process served upon him, and obstinately places himself in a situation where he may suffer loss, he can not for such reason escape liability in the garnishment proceeding.

3. ——: ——: MAY EXCEED LIABILITY TO DEFENDANT. Where a garnishee holds property of the defendant under a fraudulent conveyance the extent of his liability is not measured by the rights of the defendant against the garnishee.

4. ——: INSTRUCTIONS TO JURY. A cause will not be reversed on the grounds, that the instructions to the jury are not as clear as they might have been, and that in one or two instances therein the court referred to the garnishee as defendant, when the charge as a whole announces correct principles of law applicable to the case, and it is apparent that no prejudice has resulted.

5. **Special Verdict:** INTERROGATORIES. It is not error for the district court to refuse to submit interrogatories to the jury for special findings as to facts about which there is no controversy

6. **Garnishment**: LIABILITY OF GARNISHEE: POSSESSION AS AGENT. The jury having found specially that the garnishee knew when he took possession of the property in question under the mortgage, and when he sold it, that the mortgage was executed and accepted with intent to hinder, delay or defraud creditors, *held*, that he could not escape liability by paying the proceeds of the property over to one of the parties to the fraudulent transaction on the claim that he acted as her agent only.

*Appeal from Council Bluffs Superior Court.*—Hon. J. E. F. McGee, Judge.

Thursday, January 18, 1894.

*L. R. Bolter & Sons* and *Mynster & Lendt,* for appellant.

*Harl & McCabe,* for appellee.

Kinne, J.—The plaintiff began an action by attachment in the lower court against the defendant, and garnished C. F. Luce as a supposed debtor. The garnishee answered, denying any indebted to the defendant, averring that he owed it no money or property, and that he did not have in his possession or under his control any property, rights, or credits of the defendant; that he knew of no debts owing to the defendant, or property, rights, or credits belonging to it, and in the control or possession of others. He further stated that he had had in his possession property that formerly belonged to the defendant; that he took it under and by virtue of a chattel mortgage executed by the defendant to Mrs. M. M. Seckel; that he advertised and sold said property, as provided in the mortgage, and applied the proceeds of sale on the mortgage debt.

The plaintiff filed a pleading, controverting the answer of the garnishee, in which it averred that said Luce, when garnished, had in his possession personal property, consisting of coal, lime, hair, wood, and

other property, including book accounts and notes, belonging to the defendant, of more than three thousand dollars in value; that, subsequent to said garnishment, said garnishee converted said property by a pretended sale thereof, applying the proceeds to his own use; that in the receipt of said property, prior to said garnishment, said Luce and the defendant were acting jointly with intent to hinder, delay, and defraud the defendant's creditors; that a chattel mortgage, executed by the defendant, and under which Luce claimed to have taken possession of the property, was fraudulent and void, having been executed with intent to hinder, delay, and defraud the plaintiff, a creditor of the defendant, and the alleged sale was a part of said fraudulent scheme.

The garnishee filed an answer to this pleading, wherein he averred, in substance, that the property taken by him was taken as the agent of M. M. Seckel, by virtue of the mortgage heretofore mentioned; that, by virtue thereof, he had taken possession of it in her name, prior to being served as garnishee, and that he disposed of said property under the direction of the mortgagee, and in accord with the conditions of the mortgage; that he had no personal interest in the property, and no power to postpone or delay its sale; that the entire proceeds of said sale were received by the mortgagee, and applied in satisfaction of her mortgage; that, prior to said garnishment, the plaintiff had knowledge of said mortgage, that it was unpaid, and that the garnishee, as agent for the mortgagee, was about to take possession of and sell the property, yet took no steps to prevent the same.

On the issues thus formed, the cause was tried to a jury, which found a verdict against the garnishee, from which he alone appeals. The appellant excepted to certain evidence; to the action of the court in refusing instructions asked, and to instructions given by the

court; to the refusal of the court to submit interrogatories asked by garnishee, and to the submission of interrogatories by the court to the jury; to the overruling of his motion in arrest of judgment, and for a new trial, and for judgment in favor of said garnishee.

I. It is insisted that the remedy of a creditor of an alleged fraudulent chattel mortgagor, who desires to test the validity of the mortgage, is either by a proceeding in equity to set aside and cancel the mortgage, or in the manner pointed out by chapter 117, Acts of the Twenty-first General Assembly; that such creditor has no right to test the validity of the mortgage by garnishment proceedings. Chapter 117 of Acts of the Twenty-first General Assembly, provides a mode for taking, on execution or by attachment, mortgaged personal property, by tender or deposit of the amount of the mortgaged debt. It also provides for contesting the amount due upon the mortgage. There is, however, nothing in said chapter that undertakes to limit the right of a creditor of a mortgagor, when the mortgage is alleged to be fraudulent, to the remedy therein provided to determine the fraudulent character of the mortgage. That such was not the legislative intent is also clear from the reading of section 4 of said act, which provides: "But nothing contained in this act shall in any way affect the right of any creditor to contest for any reason the validity of such mortgage." Here, then, the purpose of the legislature to preserve to creditors all rights they possessed before the passage of the act as to testing the fraudulent character of the instrument is made manifest. The purpose of the act was not to control the right of creditors to attack a fraudulent mortgage, but rather to enlarge the rights of creditors by providing a way by which an execution or attachment might be levied upon mortgaged property, regardless of the character of the mortgage. Prior to the

*1. CHATTEL mortgage: validity contested in garnishment proceeding.*

passage of this act, chattel property in the hands of the mortgagor, with the right of possession in the mortgagee, was not subject to process by creditors of the mortgagor, except as to the mortgagee. *Rindskoff v. Lyman*, 16 Iowa, 260; *Campbell v. Leonard*, 11 Iowa, 489; *Gordon v. Hardin*, 33 Iowa, 550; *Vanslyck v. Mills*, 34 Iowa, 375; *Buck-Reiner Co. v. Beatty*, 82 Iowa, 355. Prior to the passage of the law spoken of, a mortgagee in possession of property, taken by him by virtue of a valid chattel mortgage, was not amenable to the process of attachment by garnishment as to property thus held, except as to the surplus remaining after payment of the mortgaged debt. *Doane v. Garretson*, 24 Iowa, 351; *Davis v. Wilson*, 52 Iowa, 187; *Hoffman v. Wetherell*, 42 Iowa, 89; *McConnell v. Denham*, 72 Iowa, 494; *Buck-Reiner Co. v. Beatty*, 82 Iowa, 355.

In *Danforth v. Harlow*, 76 Iowa, 237, it was claimed that said chapter 117 rendered the giving of notice of ownership under Code, section 3055, to an officer holding property by virtue of an execution or attachment, unnecessary; but this court held such notice was not dispensed with. It said: "But the officer of the plaintiff in execution may have been of opinion that the mortgage was void for some reason. The evident purpose and design of that statute was to give junior creditors a right to subject the property after payment of the mortgage." In *Buck–Reiner Co. v. Beatty*, 82 Iowa, 357, it was held that the right possessed by a creditor of the mortgagor to reach the surplus in the mortgaged property, above the amount of the mortgage debt, was not taken away by chapter 117 of Acts of the Twenty-first General Assembly, and that such a garnishment would not be displaced by one who, as an attaching creditor, under that act, acquired a lien subsequent in point of time to the garnishment. In *Hibbard v. Zenor*, 75 Iowa, 479, it was expressly held that the levy of an attachment on mortgaged chattels, when

the attaching creditor contests the validity of the mortgage, is not void for a failure to tender or deposit the amount of such mortgage, as is required by chapter 117 of Acts of the Twenty-first General Assembly. Now, before the statute under consideration was enacted, it is clear that property fraudulently chattel-mortgaged by a debtor might be reached by a direct proceeding, by the levy of an execution or attachment thereon, or by a proceeding in equity to set aside the mortgage for fraud. These rights are still possessed by a creditor under such circumstances.

The question, however, is, may a creditor of a debtor, who has fraudulently chattel-mortgaged his property, test the question as to the character of the instrument by garnishment of the agent of the mortgagee in possession of the property, or must he resort to the other remedies. It may be conceded that the usual practice in such cases is to attach or levy on the mortgaged property, whereupon the mortgagee, or one claiming the property, replevies it, and in this proceeding the validity of the mortgage is contested. Counsel for appellant refer to the following decisions of this court, wherein it was held that prior to the passage of chapter 117 of the Acts of the Twenty-first General Assembly, the interest of the mortgagor in mortgaged personal property could not be levied on and sold on execution. *Wells v. Sabelowitz*, 68 Iowa, 238; *Campbell v. Leonard*, 11 Iowa, 489; *Rindskoff v. Lyman*, 16 Iowa, 260; *Gordon v. Hardin*, 33 Iowa, 550. In none of these cases was the validity of the mortgage contested. Now, if the mortgage given by the defendant to Mrs. Seckel was in fact fraudulent as against the plaintiff, it was, as to it, no mortgage. It created no lien upon the property as against it. In such a case it might have attached, and by that means have secured a lien on, the property itself. Now, by the process of garnishment, while no lien is created upon the mortgaged

property, even in case of a fraudulent mortgage, yet in such a case, by the garnishment, a creditor may create or establish a personal liability against the garnishee who holds such property of the mortgagor in his possession. It being conceded that a creditor of a fraudulent chattel mortgagor can reach the property by levy of an execution or attachment, and thus test the validity of the instrument, we discover no good reason for holding that the same result can not be accomplished under attachment by garnishment. In the one case, a lien is created upon the property; in the other, a personal obligation and liability may be established against the one holding the property. In the one case, the property itself is taken to satisfy the creditor's claim; in the other, the personal liability of the garnishee stands in lieu of the property. If the creditor be successful in the one case, his claim is paid by sale of the property so taken; in the other, he looks to one whom the law, after service of the garnishment process, holds liable for the value of the property in his hands. In either case the liability primarily arises because of the existence of property in fact owned by the debtor. In one case, a specific lien is created by levy or attachment; in the other, while no lien is created upon or attaches to the property itself, yet the effect of the garnishment is to confer upon the creditor a right to the payment of his claim, by reason of the indebtedness existing from the garnishee to the defendant, or because of the garnishee's having in his possession property of the defendant. We think that, by the garnishment, the plaintiff became as fully entitled to contest the validity of the alleged fraudulent mortgage as though it had attached the property itself. The conclusion reached finds support in the following authorities: 8 Amer. & Eng. Encyclopedia of Law, p. 1192; *Brainard v. Van Kuran*, 22 Iowa, 266; *Healey v. Butler*, 66 9, 27 N. W. Rep. (Wis.) 822; *Lackland v.*

*Garesche*, 56 Mo. 267; *Henry v. Murphy*, 54 Ala. 246; *Morris v. House*, 32 Tex. 492.   See *McConnell v. Denham*, 72 Iowa, 497; *Shoe Co. v. Ladd*, 32 Minn. 381, 20 N. W. Rep. 334.   In the last case cited, precisely the same question was involved as in the case at bar, and the court said: "And, by the garnishment of this indebtedness, as it would have done by an attachment of the mortgaged property if in existence, the plaintiff put itself in a position to question the validity of the chattel mortgage."

II.   There is nothing requiring attention in the claim that the garnishee could not protect himself as against his principal.   There were several ways, which we need not spend time to point out, whereby he could have fully justified and protected himself in refusing to pay over the proceeds of the property to Mrs. Seckel.   He seems to have paid no attention to the process of the court, and to have obstinately placed himself in his present situation.   He ought not, in view thereof, to complain.

2. GARNISHMENT: liability of garnishee.

III.   Counsel insist that the rule is, that the garnishee "can in no case be held liable to an extent greater than the rights of the defendant."   It is then contended that, as the defendant had mortgaged the property, and expressly provided that the mortgagee might take possession and sell the same at any time, it had no right which was enforceable as against the mortgagee or garnishee.   The trouble with the claim is that counsel seem to lose sight of the fact that this is a case where the mortgage is contested as being fraudulent, and, if it be so, then the mortgagor parted with no right or title to the property, as against the plaintiff, and the mortgagee and garnishee, knowing of, and participating, in the fraud, acquired no right to the property as against the plaintiff.   Now, while it is the general rule that the garnishee's liability to the defendant is the measure of his

3: —: —: may exceed liability to defendant.

liability to a creditor of the defendant, yet such rule is by no means universal. The law is that, when the garnishee holds property of the defendant under a fraudulent transfer or arrangement, the right of the plaintiff to hold the garnishee liable is not limited to the defendant's right against the garnishee. Drake on Attachment, section 452, 458, 464; 8 Am. & Eng. Encyclopedia of Law, pp. 1149, 1193.

IV. Error is assigned on the refusal of the court to give instructions asked by the garnishee. These instructions amounted to a direction to the jury to find for the garnishee. They were improper, for the following reasons: They ignored the fraudulent character of the mortgage. They assumed that the validity of the mortgage could not be contested in a garnishment proceeding, and ignored the rule that, when the garnishee holds the property under a fraudulent transfer or arrangement, the plaintiff's rights as against the garnishee are not to be limited to, or measured by, the rights of the defendant as against the garnishee.

V. It is contended that the court erred in its instructions to the jury. It may be conceded that 4. ——: instructions to jury. some of the instructions are not as clear as they should have been, and that the court in one or two instances, spoke of the garnishee as the "defendant." On the whole, however, we think they announced correct principles of law applicable to the case. No prejudice could have resulted from the use of the word "defendant," as the word was used in connection with the name of the garnishee, and the jury must have known that the case was tried only as between the plaintiff and the garnishee. No useful purpose would be served by considering the instructions in detail.

VI. The garnishee excepts to the action of the court in refusing to submit certain special interrogato-

**5. SPECIAL verdict: interrogatories.** ries to the jury.   It is sufficient answer to this alleged error to say that the court had in its instructions, told the jury that the facts inquired about in said special interrogatories were either admitted by the pleadings, or established by the evidence, without conflict, and that they should take them as true.   Under such circumstances, it would not have been proper to submit the interrogatories, which related to matters as to which there was no controversy. We find no error in the submission of interrogatories by the court.

VII.   Many other errors are assigned.   Much stress is laid by the appellant upon the fact that the garnishee **6. GARNISHMENT: liability of garnishee: possession as agent.** was in possession of the property as an agent of the mortgagee, and hence, it is insisted, he was not amenable to the process of garnishment.   We think, in the pleading controverting the answer of the garnishee, it is sufficiently charged that the mortgage was fraudulent; that the garnishee knew that fact; and that he, by the sale of the property, was, with such knowledge, assisting in carrying out the scheme to defraud the defendant's creditors.   The jury specially found facts showing that the mortgage was fraudulent; that the garnishee knew, when he took possession of the property, and when he sold it, that the mortgage had been executed and taken with the intent to hinder, delay or defraud creditors; and the evidence justified these findings.   Under such circumstances, it was the duty of the garnishee to obey the garnishment process, and he can not escape liability by paying the proceeds of the property over to one of the actors in the fraudulent transaction on the claim that he acted as her agent only.

VIII.   The appellant moves to strike out the appellee's amended abstract and argument, as not having been filed within the time required by the rules.   It does not appear that the submission of the cause was delayed by

the failure to file the amendment to the abstract and the argument at the proper time. An examination of the amendment shows that it sets out matter which should have been in the appellant's abstract, and which is necessary, to the end that the case be properly understood. Under these circumstances, we think the motion should be overruled.

We discover no prejudicial error, and the judgment below is AFFIRMED.