NEW YORK,
May, 1826.

Corlies and
Widdifield
v.
Cummings.

THE PEOPLE, *ex rel.* HOLDEN, *against* BALL, late sheriff of Orange.

BALL, being in custody of the now sheriff of Orange, upon *ca. sa.* an alias attachment was directed to him against Ball returnable at the present term ; and, the sheriff now submitting to the court, whether Ball could be brought up on the attachment, without a *habeas corpus ;* and fearing that a compliance with the attachment might subject him to an action for an escape,

*The Court* directed, that interrogatories should be administered to Ball on the attachment, at the gaol, by a commissioner in the county of Orange.

*The defendant in an attachment, being in custody on a ca. sa., before the attachment was served; the court ordered that interrogatories should be administered at the gaol, by a commissioner.*

*G. Waterman,* for the sheriff.

*D. Lord,* jun. for the relator.

---

CORLIES and WIDDIFIELD *against* CUMMINGS.

AT the trial of this cause, the plaintiffs took a bill of exceptions on certain points of law ; and afterwards made a case embracing the same points ; and also bringing up the question as to the weight of evidence.   And now,

*D. Lord,* junior, moved that the defendant should elect which he would abide by ; and that if he should elect the one, the other should be set aside.

*Where the plaintiff took a bill of exceptions at the circuit; and afterwards, made a case, the court made a rule that he should elect one ; and that the other should be set aside.*

*Fessenden,* contra.

*Curia.*   The defendant cannot pursue the bill and case both.   He must elect.   (1 John. Rep. 192, 5.)

*Fessenden.*   We then waive the bill ; and will proceed with the case.

                              Rule accordingly.