RINDSKOFF BROS. & CO. v. LYMAN, Sheriff.

I. Per Curiam :

1. MOTION FOR NEW TRIAL: CHANCERY CAUSES. A motion for a new trial is not necessary in Chancery cases tried by the first method; or when the appeal is from order of the court, duly excepted to at the time, and from which the Revision allows an appeal to be taken.

2. CHATTEL MORTGAGE : RIGHT OF POSSESSION. When the mortgagor of chattels is in possession, and has the right to the possession of the mortgaged property for a definite period, his interest, prior to the expiration of such period, is the subject of levy and sale. *Aliter* when the mortgagee may take possession at his pleasure, or when the mortgagor's right of possession is for no definite time.

II. DILLON, J.; WRIGHT, Ch. J., concurring :

1. PRACTICE: MOTION FOR NEW TRIAL. All errors occurring at the trial of a case at law should be regarded as waived, if not embodied in a motion for a new trial.

III. LOWE and COLE, J. J.:

1. SAME. When proper exceptions are taken to the rulings of the court below, on which such errors arise, a motion for a new trial is not necessary to have the same reviewed in the Supreme Court (following *McCoy* v. *Julien*, 15 Iowa, 371).

*Appeal from Lucas District Court.*

TUESDAY, JUNE 7.

THE plaintiffs filed, June 2d, 1862, their petition in replevin, claiming certain personal property, by virtue of a recorded mortgage thereof, made by one Gibbon, dated March 12th, 1862. Defendant, as sheriff, claimed the property, by virtue of levies under executions against Gibbon. The plaintiffs' mortgage contained, *inter alia,* a provision giving Gibbon (the mortgagor) " the possession of the said property until the first day of June, 1864." Jury trial. A bill of exceptions shows that certain instructions asked by plaintiffs were refused, to which they duly excepted. At the defendant's instance, the Court charged that " the said mortgage does not give the plaintiffs the right of possession, and the jury must find for the defendants."

To the giving of this and other similar instructions the plaintiffs excepted at the time. Verdict for defendant. The plaintiffs *made no motion for a new trial,* and judgment, without objection on their part, so far as shown by the record, was rendered for the defendant on the verdict.

Plaintiffs appeal, and assign for error the refusal to give their instructions, and the giving of those prayed by the defendant.

*James Baker* for appellants.

*T. B. Perry* and *T. M. Stewart* for appellee.

DILLON, J.—I. From the brief statement of the case above given, it will be seen that the question on the merits

is an interesting, and so far as we are aware, is in this State an undecided one. But it is the first duty of this Court to' see whether this question is duly and properly presented to it by the record.

The appellants excepted to the alleged erroneous instructions at the time, and now the precise question is, can this Court review those instructions, they never having been made the basis of an application for a new trial in the court which gave them? This question must be answered by a careful collation and view of the several statutory provisions touching the matter of Exceptions, Practice and New Trials.

Section 3051, et seq., of the Revision, relates to instructions. The charge of the Court, and the giving or the refusal to give instructions, must be excepted to at the time, or they will be deemed approved. Rev., §§ 3055, 3059, 3109.

Section 3106 and the following sections relate to the subject of Exceptions. They provide generally as to when exceptions shall be taken, how taken, and when, and in what cases the ground of objections must be stated.

Immediately following the provisions for Exceptions are those relating to New Trials. (Rev., § 3112.) This section provides that a new trial may be granted for any of the enumerated causes, and specifies eight distinct grounds or classes of causes:

"1st. Irregularity in the proceedings of the Court, jury, &c., or any other order of Court, &c., by which the party was prevented from having a fair trial. * * * * *

"8th. Error of law occurring at the trial, excepted to by the party making the application."

Other sections provide how and when the application for a new trial must be made.

Now, on familiar and well settled canons of interpretation, each of these provisions is to be construed in the

light of the others, and if it can be reasonably done, all, are to have effect and operation.

Taking all these sections together, it seems clear, that, to enable an unsuccessful party to obtain a reversal of a judgment in consequence of misdirection to the jury, he must pursue the following course:

1st. He must except to the instruction or charge at the time it is given or before the jury retire (Rev., §§ 3055, 3059, 3109); and such, in fact, has always been the law and practice in this State. *Rawlins* v. *Tucker*, 3 Iowa, 213. And, 2d. He must apply for a new trial, and his ground therefor, in cases of misdirection, would be subdivision 8 of § 3112, and if his application is denied, he must again except.

This view is sustained by many and good reasons. If a motion for a new trial is made, the District Court has, what it probably did not have on the trial—opportunity for examination, and time for reflection. If, in the hurry and press and excitement of a trial, the Court has made, as all courts, no matter how learned and experienced the judge may be, are liable to make, a hasty and untenable decision, an application for a new trial gives to that Court (and this, we take it, is the primary function and chief purpose of the application) an immediate opportunity, while the record and the cause are under its control, to correct its own errors, and thus obviate the necessity for, as well as the delay, inconvenience and expense of, an appeal.

Whatever exceptions may have been taken, and preserved during the trial, without a motion for a new trial, the Court cannot be informed that the party is dissatisfied with the final result. Let us illustrate this point. A. brings suit, claiming one thousand dollars. During the trial the Court decides some point against him, and signs, at the time, a bill of exceptions. He, nevertheless, obtains a verdict for five hundred dollars. May not the Court justly

conclude that he is satisfied with the result, if he does not move for a new trial? And can he have the appellate court reverse the judgment on the bill of exceptions taken in the course of the trial? Clearly not. Again, without a motion for a new trial, the District Court, though convinced of its error, is practically deprived of the power of correcting it.

This view, moreover, accords with the spirit and policy though perhaps it is not within the letter of other provisions of the Code. Thus, by § 3545 it is declared that "a judgment or order shall not be reversed for an error which can be corrected on motion in the inferior court, until such motion has been made there and overruled."

It also accords with the general conviction of the profession, as evidenced by, so far as we know, their uniform *practice*, in the courts. Coinciding with and fully supporting these views, see *Hoersh* v. *Bank, &c.*, 10 Mo., 516; and *Higgins* v. *Breen*, 9 Id., 493.

These reasons carry with them such inherent and irresistible force, that it would seem scarcely necessary to call to their aid the support of authority. And yet, as illustrating this and kindred points of practice, it may be well, for a few moments, to examine the question in that light. We refer, first, to the Indiana cases. By an examination of sections 342, 343, *et. seq.*, of the Code of Practice of that State, on the subject of exceptions, they will be found, almost literally, like section 3106, *et seq.*, of the Revision. So, also, section 352 of the Indiana Code on the subject of New Trials, is literally like section 3112 of our Revision.

The decisions there, then, are directly and pointedly applicable here. In *Kent* v. *Lawson*, 12 Ind., 675, the Supreme Court say: "The overruling of a motion for a continuance of a cause is clearly within the *first* specification of the above section" (section 352 being same as the first specification under section 3112 of the Iowa Revision);

"and perhaps within some of the others;" and it was held that it could not be considered by the appellate court, unless it was embraced in a motion for a new trial. In giving the opinion of the Court, Mr. Justice PERKINS, remarks: "Errors, in rejecting proper, or giving to the jury improper testimony, *or in giving to the jury improper charges, or refusing proper charges,* are clearly within the eighth specification" (corresponding to specification 8 of section 3112 of the Revision), "while errors committed by the Court, in reference to the validity of pleadings, are not within the section at all." 12 Ind., p. 677. And the Court, in the same case lay down this general rule: "That any matter for which a new trial may be granted, is waived, by the neglect of the party to move for a new trial."

There are many cases to the same effect, and the courts in that State go so far as to hold that a motion for a new trial in addition to exceptions, is as essential where the trial is by the Court as where it is by the jury. Without quoting, we refer to *Stump* v. *Fraley,* 7 Ind., 679; *Doe* v. *Herr,* 8 Id., 23, 24; Id., 96; *Snodgrass* v. *Hunt,* 15 Id., 274; *Hindman* v. *Troxell,* Id., 123.

We next refer to the Kentucky cases. Our Revision as to exceptions and new trials is almost a literal copy of the Code of that State. (See Stanton's Ky. Code, pp. 173, 175.) Section 363 of the Code of that State, defines an exception the same as our Code does; and § 364 declares that "the party objecting to the decision, must except at the time the decision is made," &c., and § 369, in relation to new trials, is word for word the same as § 3112 of the Revision. In *Letton* v. *Young,* 2 Met. (Ky.), 564, the Court of Appeals say: "Errors of the Court, in granting or refusing instructions, are 'errors of law occurring at the trial,' and obviously within the letter and intent of the provisions of the Code, *supra.*" (Sec. 379, subd. 8, corresponding to subd. 8 of § 3112 of the Revision.) The observations

of the Court, in the recent case (A. D. 1859) of *Kennedy v.* *Cunningham*, 2 Met. (Ky.), 540, are in point. The Court say : " The party objecting to a decision of the Court, must except at the time the decision is made." Civil Code, Ky., §. 364. " A new trial may be granted for errors of law occurring at the trial and excepted to by the party making the application." Civil Code, Ky., § 369. "The effect of these provisions," says SIMPSON, J., in the case last cited, "is, that an error committed by the Court is deemed waived, unless excepted to at the time, and cannot afterwards be relied upon either as a cause for a new trial or made available for a reversal of the judgment." The Kentucky cases, it may be fairly inferred, treat the motion for a new trial as being necessary to prevent exceptions taken during the trial from being considered as waived.

In Missouri, the course of decision has not been uniform. It was formerly held that all errors committed on the trial were waived, if not brought to the attention of the Court by a motion for a new trial. *Hoersch* v. *The Bank*, 10 Mo., 516 ; *Payne* v. *The State*, 13 Id., 445, and cases.

But under the act of 1849, the contrary is now held. *Wagner* v. *Jacoby*, 26 Mo., 530; 15 Id., 315. See remarks of SCOTT, J., 25 Mo., 566, and a motion for a new trial is not (as at common law) considered as waiving exceptions taken at the trial.

But in Arkansas, the contrary view is taken, and errors are waived which are not made the basis of a motion for a new trial. *Daniel* v. *Guy et al.*, 19 Ark., 122 ; *Berry* v. *Singer*, 5 Eng., 483.

It may be useful, before concluding this discussion, to refer to the practice at common law. When a trial at *nisi prius* was ended, the unsuccessful party had open to him one of two courses. If he had taken exceptions on the trial, he might remove the cause, by writ of error, to the appellate court, in order to have it determined there, whether the

points were correctly ruled at the trial; or, waiving that remedy, he might move the court in which the trial was had, for a new trial. He had to elect which course he would take. If he moved for a new trial, he was required to abandon all previous exceptions before the motion for a new trial would be entertained. If the motion was denied, the case was at an end, because by the common law no review by the appellate court was allowed of the refusal of the motion for a new trial. 3 Blacks. Com., 372, 387, *et seq.*; 1 Stark. Ev., 526, 531; 2 Tidd Pr., 786, 790, 814; Steph. on Plead., 121, 126. A bill of exceptions, being in the nature of a writ of error, cannot be determined in the court in which it is executed. It is only to be made use of on writ of error. *Ibid; Davenport* v. *Tyrrell*, 1 W. Black., 679; Lofft., 84. On the other hand, the motion for a new trial must be made in and decided by the court in which the trial was had. The party could not pursue both courses: he must abide by his bill of exceptions or his motion for a new trial; and such is substantially the practice in England to this day. *Adams* v. *Andrews*, 1 Eng. L. & Eq., 305 (A. D. 1850); *Doe* v. *Roberts*, 2 Chit., 272; 2 B. & A., 367

By the common law, a party may move the proper court for a new trial, for opinions of the judge expressed on the trial, although he tendered no bill of exceptions. Steph. on Pld., 126.

The practice in the appellate courts in this country is not uniform, though, perhaps, some of the diversity may be owing to statute, and some to the different constitution of our courts. Thus, it is by some courts held, that a motion for a new trial is a waiver of exceptions taken on the trial. *Dinsmore* v. *Weston*, 33 Maine, 256; *Cunningham* v. *Bell*, 5 Mason, 173; *Corlies* v. *Cummings*, 5 Cow., 415; 1 Johns., 192, 195.

But, in general, the common-law rule is either not adopted at all or not applicable (as held in Indiana in the cases

above-cited), or it is so modified as to be substantially abrogated.

Thus, in this country, it is generally held, contrary to the rule at common law, that, the decision of a court, in overruling a motion for a new trial, may, if excepted to, be revised in the appellate tribunal. Thus, also, it is further generally held, that exceptions previously taken may be embodied in the motion for a new trial, and in this manner preserved and brought before the appellate tribunal; but all rulings not excepted to, and all exceptions not embodied in the motion for a new trial, are, by the appellate court, deemed waived. *Bond* v. *Baldwin*, 9 Geo., 9, 13, and cases cited; *Berry* v. *Singer*, 5 Eng., 483; 3 Ark., 144; 5 Id., 660; 18 Id., 138; *Walker* v. *Hall*, 16 Ala., 26; 13 Id., 494; *Payne* v. *The State*, 13 Mo., 445, and cases cited.

In England, bills of exceptions for erroneous rulings at the trial have been mostly superseded by the more modern practice of moving the court for a new trial, which may be had for misdirection or other misruling on the part of the judge at *nisi prius*. 3 Blk. Com., 373; 1 Stark. Ev., 531.

This review of the practice at common law throws some light upon our statute. The common law did not allow the prevailing party to be harassed both by a bill of exceptions and a motion for a new trial. Hence, if he moved a new trial, he waived his exceptions taken on the trial.

Our statute also prevents a double proceeding, by allowing the party (Rev., § 3112, clause 8th), on the motion for a new trial, to avail himself of "errors of law occurring at the trial, and excepted to by the party making the application." For these reasons and for those given on the former part of this opinion, based upon the policy and justice of allowing the District Court, when the record is under its control, promptly to correct its own errors, and thus prevent the delay and expense of an appeal, we think the statute should be so construed as to deem waived all errors of law occur-

Rindskoff Bros. & Co. v. Lyman.

ring at the trial of a cause at law which are not embodied in a motion for a new trial.

A different conclusion from the above was reached by a majority of the court, as it was then constituted in the recent, and as yet unpublished, case of *McCoy* v. *Julien*. (Reported in 15 Iowa.)

To the ruling in the case last cited, two of the members of the court, as now constituted, adhere. The judge (WRIGHT, C. J.) who dissented in that case, concurs with the writer of this opinion in the view above taken. The court are consequently equally divided on the question, as to whether this court can review the instructions complained of, these never having been made the basis of a motion of a new trial. This makes it necessary, therefore, to pass upon the question of law raised in the instruction given to the jury. Before doing so, we will remark that it is not to be inferred from the foregoing that it is the opinion of any member of the court that a motion for a new trial is necessary in Chancery cases, tried by the first method, or where the appeal is from some order of the Court duly excepted to at the time, and from which the Revision allows an appeal to be taken.

II. At the defendant's instance, the Court charged the jury that "the said mortgage does not give the plaintiffs the right of possession, and the jury must find for the defendant."

Under the facts of this case (see statement) this instruction was correct. This precise question has never before been presented to this Court. In *Campbell* v. *Leonard*, 11 Iowa, 489, default had already taken place, and the mortgagor had no right to possession for any specific length of time.

When the mortgagor of chattels is in possession, and has the right to the possession of mortgaged property for a *definite period*, his interest prior to the expiration of

such period is the subject of levy and sale. *Mattison* v. *Baucus*, 1 Comst., 295, and cases cited; *Hull* v. *Carnley*, 1 Kern., 501.

But it is otherwise when the mortgagee may take possession at his pleasure, or where the mortgagor's right of possession is for no definite time. *Marsh* v. *Lawrence*, 4 Cow., 467; *Otis* v. *Wood*, 3 Wend., 500; *Campbell* v. *Leonard*, 11 Iowa, 489.

In the case of *Hull* v. *Carnley*, *supra*, the mortgage contained an express stipulation, that until default the mortgagor should be entitled to the possession. Before any default the property was seized, and sold on execution against the mortgagor. It was held that the right of the mortgagor (being for a definite period) was such an interest as might be taken in execution, and that the officer making the seizure and sale is not liable to the mortgagee, although he sell the property generally, without in any way recognizing the lien of the mortgage, and deliver possession of it to the purchaser.

The effect of such a sale is the same as if made by the mortgagor in the ordinary way. It does not defeat the mortgage, or destroy or in any manner impair the legal rights of the mortgagee.

It gives the purchaser the right to take possession of and use the property until the day of payment or until the stipulated time expires; and it gives such purchaser the further right, by transferring to him the equity of redemption, to pay off the mortgage debt, thereby extinguishing the lien of the mortgage, and thus making his title absolute.

It may be objected that this doctrine may imperil the rights of the mortgagee where the sale is made to an irresponsible person, who may waste or remove the property. One answer to this objection is, that it is the

mortgagee's folly to take such an insecure and uncertain security.

But, another answer is, there is no legal prejudice to the rights of the mortgagee. The mortgagor himself, if not restrained by the terms of the mortgage, may use the property, or even remove it. His grantee, whether by voluntary transfer or by sheriff's sale, may, in the absence of stipulation to the contrary, do the same. If waste or removal is threatened under such circumstances as would give the mortgagee the right to a receiver or an injunction as against the mortgagor, the same circumstances would also give a right to the same relief as against his vendee, or the vendee of the sheriff.

In the case at bar, Gibbon, the mortgagor, had the right of possession expressly reserved to him for more than two years after the levy. This was such an interest as might be levied on and sold by the sheriff. And such a levy was therefore not wrongful. It gave to the mortgagees no right of possession prior to the time fixed in their mortgage. It follows that the Court properly charged that they could not maintain their action of replevin, because not entitled to the right of possession.

This Court is united in the opinion that the direction to the jury, of which the appellant complains, was correct, and the judgment below is therefore

Affirmed.