[No. 656.  December 18, 1896.]

W. C. ROGERS ET AL., PLAINTIFFS IN ERROR, v. JOSEPH RICHARDS, DEFENDANT IN ERROR.

INSTRUCTIONS—APPEAL—ASSIGNMENT OF ERRORS—REVIEW.—This court will not review alleged errors in instructions, whether given by the court below of its own motion, or demanded, unless an exception is saved by motion for new trial.

ERROR, from a judgment for plaintiff, to the First Judicial District Court, Santa Fe County.  Affirmed.

The facts are stated in the opinion of the court.

CHARLES A. SPIESS for plaintiffs in error.

It was the duty of the court to instruct the jury as to the law of this case, and its failure to do so is sufficient ground for reversal.  Comp. Laws 1884, sec. 2054.

Possession of personal property is prima facie evidence of ownership; and one who purchases such property for value of the general ownership in question, without notice that it is incumbered, will hold it discharged of any prior liens.   Andrews v. Jenkins, 29 Wis. 476; McKnight v. Gordon, 13 Rich. Eq. 222; Button v. Bathbone, 118 N. Y. 666.   See, also, Pingree on Mort., sec. 502; Williams v. Given, 6 Gratt. 268.

The general rule is that an adjudication takes effect only between the parties to the judgment, and it gives no right either to or against third parties. Chase v. Swan, 9 Cal. 136; Makey v. Coates, 70 Pa. St. 350; Rice v. Coolidge, 121 Mass. 393; Peters v. Spitzfaden, 24 La. 111; Samuels v. Agnew, 80 Ill. 550; Hill v. Stevenson, 63 Me. 364.

J. H. SUTHERLIN for defendant in error.

The instructions given by the court in this case fairly presented the law of the case, and if defendant was not satisfied and desired any particular point presented to the jury he should have offered additional instructions covering that point.   Territory v. O'Donnell, 4 N. M. (Gil.) 196; U. S. v. De Amador, 6 Id. 174; Express Co. v. Kountz, 8 Wall. 342.   See, also, Hobbs v. R. R., 66 Me. 572; Forguhor v. Dallas, 20 Tex. 200; 11 Am. & Eng. Ency. Law, 258.

Replevin will lie to regain property obtained by fraud.   Cobb on Replev., sec. 244; 20 Am. and Eng. Ency. Law, 1048, and citations.   See, also, Cobb on Replev., sec. 265; Acker v. Campbell, 23 Wend. 372; Neff v. Landis, 110 Pa. St. 204; Box, etc., Co. v. Lish, 119 Ind. 98; Benedict v. Williams, 48 Hun. 123; Mahoney v. Gano, 27 N. E. Rep. 315.

There was no motion for new trial made by plaintiffs in error in the court below, and consequently nothing before this court for review, except the instructions demanded by plaintiffs in error and refused

by the court. And these, in the absence of a motion
for new trial, are only before the court by authority of
section 2058, Compiled Laws, making them a part of
the record in the case. Comm. v. Sellers, 37 Ga. 324;
Lichty v. Clark, 10 Neb. 462; Laid. v. State, 15 Tex.
317; Klatz v. Pertec, 101 Mo. 213; Alpers v. Scham-
mell, 75 Cal. 590; Bowden v. Bowden, 75 Ill. 111;.
Grant v. Westfall, 5 Ind. 121; Jacobson v. Cornelius,
57 N. Y. Sup. 306.

Rulings and decisions arising in the course of the
trial can not be assigned as error on appeal, but must
be assigned as reasons for new trial, and are then
brought up for review under the assignment of error
because of the overruling of the motion for new trial.
Louisville R. Co. v. Hart, 119 Ind. 273; Territory v.
Anderson, 4 N. M. (Gil.) 213; Laird v. Upton, 8 N.
M. 409; Grayson v. Lynch, U. S. Sup. Ct. Rep.

COLLIER, J.—This was an action of replevin begun
in the district court of Santa Fe county by the de-
fendant in error against the plaintiffs in error, result-
ing in a verdict for the plaintiff in the trial court being
rendered on April 15, 1896. Notice of motion for new
trial was given on the same day, but no motion being
filed within five days after verdict, as required by rule
of court, judgment was entered on the verdict, on
motion of plaintiff, and a writ of restitution issued.
Afterward a writ of error was sued out from this
court, and said writ of restitution recalled.

The only errors assigned in this court are upon
the instructions given by the court of its own motion,
and the refusal of the court to give requested instruc-
tions. Defendant in error claims that, as to the error
assigned upon the instructions which the court gave
of its own motion, there is nothing for this court to
review, in the absence of a motion for a new trial, and
that, as to the requested instructions refused by the

court, they can be considered only for the reason that such instructions are made a part of the record proper, and that the instructions were rightly

INSTRUCTIONS:
appeal: assign-
ment of errors:
review.

refused. Without giving our assent to the doctrine that refused instructions are in any different sense record from those given by the court of its own motion, we will consider the point raised by counsel as to a motion for new trial being necessary to secure review by this court of alleged errors in instructions.

At this term of this court we have decided that, in order to have this court consider errors in instructions, it is required that exceptions should be taken at the time; the case of Territory v. Padilla, 8 N. M. 562, and Laird v. Upton, Id. 409, showing such ruling, and these decisions according with the uniform ruling of this court, beginning with the case of Leonardo v. Territory, 1 N. M. 291, of date July, 1859. These rulings embrace as well the case of the judge refusing requested instructions as giving instructions of his own motion. We find it unnecessary to go over this ground again, except to observe that our statute (section 2197) places the giving or refusing of instructions in the same condition, in regard to exception thereto, as any other "decision upon any matter of law arising during the progress of the trial." The established practice of this court—established both by statute and decision—being that errors in giving or refusing instructions, and errors in deciding matters of law arising upon a trial, stand upon exactly similar footing as to the necessity of exception, we will advert to decided cases in this court as to a motion for new trial being required to obtain a review of errors arising during the progress of a trial. In Spiegelberg v. Mink, 1 N. M. 308, it was held that, to entitle a party to a revision of the facts by this court, a motion for a new trial was necessary. The cases are almost uniform

upon the proposition that an appellate court will not
consider an assignment of error to the effect that the
verdict is against evidence, or is not supported by the
evidence, unless there is a motion for new trial, and it
is perhaps needless to append a list of authorities sus-
taining this view. The case of Sierra Co. v. Dona
Ana Co., 5 N. M. 190, followed Spiegelberg v. Mink,
supra; but in the same case the majority of the court
considered an alleged error of law arising upon the
trial, and BRINKER, J., concurred in the result upon
the broad ground that, there being no motion for a new
trial, there was nothing before this court to consider.
In Territory v. Anderson, 4 N. M. (Gil.) 213, it was
held that error in the exclusion of evidence must be
pointed out in the motion for new trial, or the trial
court need not, and the appellate court will not, con-
sider such erroneous decision, though it be admitted
that exception was duly taken. If the principle of
that decision is sound, it would follow, logically, that,
if there is no motion for a new trial at all, no error of
law arising upon the exclusion of evidence will be con-
sidered in an appellate court. The only reason, hav-
ing a semblance of plausibility, which would entitle
errors in instructions given by the court of its own
motion to be reviewed in the absence of a motion for
new trial, conceding that errors in the exclusion of evi-
dence are not entitled to such review, may be that
instructions are contended to be record proper in the
case, while errors in the exclusion of evidence only
become record by means of a bill of exceptions. The
record proper, in general, consists of the pleadings,
process, verdict, and judgment. In Greene Co. v.
Wilhite, 35 Mo. App. 43, it is said to include the
original process, with the return thereon, the plead-
ings, order substituting parties, and the entry of final
judgment; and in that case it is said that: "There
may be difficulty in restricting the record proper, in all

cases, to the limits thus stated; but the largest view of
what is deemed the record proper can make it include
no more, in addition to what is above stated, than
those orders which emanate from the breast of the
judge while sitting in court, and which are evidenced
only by the entries on the minutes of the court." A
definition of "record proper" would seem to be: The
pleadings, process, and return thereon; judgments
upon pleadings; verdict; judgment; and all orders
and rulings which should be entered upon the minutes
of the court; but not motions to strike out pleadings,
and orders thereon. The definition of a "bill of ex-
ceptions" serves also to show what should be con-
sidered record proper. "The bill of exceptions is a
simple history of the case as tried, and should contain
nothing more or less than the facts as they appeared
to the court and jury from the commencement of the
trial until the final judgment by the court." Gallaher
v. State, 17 Fla. 379. "A bill of exceptions is a for-
mal statement in writing of exceptions taken by a
party in the trial to a ruling, decision, charge, or
opinion of the trial judge, setting out the proceedings
on the trial; the acts of the trial judge alleged to be
erroneous; the objections and exceptions thereto, to-
gether with the grounds therefor,—and authenticated
by the trial judge according to law." 3 Ency. Pl. and
Prac. 378. If this definition further specified that the
bill of exceptions should contain all evidence necessary
to an understanding of the exceptions, it would be
quite complete. "Motions made during the trial of a
cause, and the rulings of the court thereon, must be
preserved in a bill of exceptions." Id. 392, citing
authorities. "The very general doctrine is that a mo-
tion for a new trial must be so preserved, unless by
statute it is made a part of the record proper." Id.
400, citing authorities. "Unless a statute otherwise
provides, a bill of exceptions is the sole mode by which

the instructions can be brought up to the appellate court for review." Id. 402, and authorities there cited.

From these authorities it appears that there can be no doubt that instructions are not a part of the record proper unless made so by statute. Does our statute so make them? We quote from our statutes as follows:

"Sec. 2055. All instructions asked and the charge of the court shall be in writing."

"Sec. 2057. The court must read to the jury all the instructions he intends to give and none others, and must write the word 'Given' or 'Refused,' as the case may be, in the margin of each instruction.

"Sec. 2058. All instructions demanded must be filed and shall become a part of the record."

"Sec. 2063. When the jury retires to consider its verdict, it shall be allowed to take the pleadings in the cause, the instructions of the court, and any instruments of writing admitted as evidence, except depositions."

As to instructions not demanded, there is nothing said about these becoming record, but they are required to be in writing. If they are given or refused (part of the record proper), that fact appears; but the mandatory terms of our statute require exceptions to secure review. They, therefore, come within the bill of exceptions as acts done by the judge in the trial of the cause, in the same way as rulings in excluding evidence; and following the decision of this court in Territory v. Anderson, supra, a motion for new trial is necessary to obtain a review of error alleged as to them in this court. We believe that the decision in Territory v. Anderson, supra, is sustained by the great weight of authority in this country; and, without citing abundant cases on this subject, we refer to Rindskoff v. Lyman, 16 Iowa, 260, where the question is

treated by DILLON, J., in the lucid and exhaustive manner with which that great jurist disposes of every subject he touches.   The conclusion he arrives at in his opinion (citing authorities from numerous states) is "that it is generally held, that exceptions previously taken may be embodied in a motion for new trial, and in this manner preserved and brought before the appellate tribunal; but all rulings not excepted to, and all exceptions not embodied in the motion for a new trial, are by the appellate court deemed waived."   The statutes of none of the states he cites, or which we have, in addition, examined, say, in terms, that a motion for new trial shall be made as a condition precedent to review in the appellate court, errors not appearing in the record proper; but they merely provide for new trials, and within what time after verdict they shall be made.   Our statute (section 1842) and rules of court, having the force of statute law, provide the same thing.

This practice affords to the trial judge the opportunity of correcting errors that may have crept into the trial of a case because of the hurry and press of matters which came up for prompt decision, and which may, upon more elaborate argument,—counsel being surprised by a sudden emergency at the time of the trial,—be shown to be error meriting a new trial. Also, the appellate court may better weigh the discretion vested in a trial judge as to many matters, if, upon solemn argument, after the pressure of the trial has passed, a new trial is refused.   These and other considerations carry with them great force, and the practice secures uniformity in procedure, and often lessens expense and delay, if the unsuccessful party shall be required to exhaust his remedy in the lower court.

Though counsel for defendant in error appears to concede that, as to the instructions refused, a motion for new trial was unnecessary, yet we do not think that section 2058, in prescribing that "demanded instruc-

tions must be filed and shall become a part of the record," means that they are a part of what is deemed record proper, but they belong to that part of the record embodied in the bill of exceptions, and that error assigned upon giving or refusing such instructions must be saved by a motion for a new trial. It would involve quite a contradictory appearance of things if the giving of erroneous instructions by the court of its own motion differed in any respect from the refusing of right, or the giving of wrong, instructions that were requested, especially when there would be no way of determining whether any instructions were right or wrong, generally speaking, unless there is a bill of exceptions showing the evidence in the case, and the instructions actually given. The provisions of law requiring instructions to be written, and demanded instructions to be filed, are merely directory, and intended to make the clerk of the court their custodian. When the statute says that the demanded instructions are a part of the record, it merely means that they are of the files in the case. Another statute requires the stenographer's notes to be deposited in the office of the clerk of the court, presumably, we may say, because they are a part of the case to which they refer; but it would be idle to call them, either before or after transcription, a part of the record of the case, in any strict sense, for they can not so become until embodied in a bill of exceptions; and neither, we think, do instructions, whether given by the court of its own motion, or demanded, until they come into a bill of exceptions duly settled. The case of Territory v. Anderson, supra, holds that, where an exception is not saved by motion for new trial, the lower court need not, and this court will not, review it; and we therefore find no matter of error here to be reviewed, and the case is accordingly affirmed.

SMITH, C. J., and HAMILTON and BANTZ, JJ., concur.