[No. 966.   April 25, 1902.]

THE TERRITORY OF NEW MEXICO, Appellee, v. JOSE MANUEL GONZALES, Appellant.

### SYLLABUS.

1. Objections to the admission of evidence and to the charge of the court are not available on appeal, where no exceptions are saved below.

2. Objection, in a prosecution for larceny of sheep, that it did not appear from the evidence that the crime was committed within the jurisdiction of the court below, was not tenable, where two witnesses testified that the corral out of which the sheep were taken was in G. county (in which the prosecution was instituted), and also that the place where they were found near defendant's ranch was in the same county.

Appeal from the district court of Guadalupe county, before WILLIAM J. MILLS, Chief Justice. Affirmed.

O. A. LARRAZOLO for appellant.

Hearsay evidence of the particular kind here com-
plained of is thus defined. "Supposed orally delivered
evidence of a supposed extrajudicially narrating wit-
ness judicially delivered *viva-voce* by the judicially de-
posing witness."

> Rationale of Jud. Ev. (Jas. Mills' Ed.
> Lond. 1827), 111, 439; Whar. Crim. Ev. (8
> Ed.), par. 220.

Hearsay evidence is also defined as "that kind of
evidence which does not derive its value solely from the
credit to be given to the witness himself, but rests also
in part on the veracity and competency of some other
person."

> Phillips on Ev., 185; Bouvier's Law Dic.,
> title, "Hearsay."

Except in cases of certain well-established excep-
tions, and under strict rules of practice, such evidence is
inadmissible.

> Wharton's Crim. Ev. (8 Ed.), par. 225 and
> many other citations found in appellant's brief.

Declarations of third persons against the accused,
may be used in evidence against him whenever it appears
that the declarations were made in the presence and
within the hearing of the accused.

The case at bar does not come within this exception.

> Wharton's Crim. Ev. (8 Ed.), pars. 679,
> 680; Wiggins v. Bukham, 10 Wall. 129; Rea v.
> Missouri, 17 Wall. 532; Bailey v. Woods, 17 N.
> H. 365; Corser v. Paul, 41 N. H. 24; State v.
> Reed, 62 Me. 129; Com. v. Sliney, 126 Mass. 49;
> Jewett v. Banning, 23 Barb. 13; Kelley v. Peo-
> ple, 55 N. Y. 565; McClenkan v. McMillan, 6
> Pa. St. 366; Knight v. House, 29 Md. 194;
> Hagenbaugh v. Crabtree, 33 Ill. 225; Pierce v.
> Goldsberry, 35 Ind. 317; Green v. Harris, 3
> Ired. 210; State v. Bowman, 80 N. C. 432;

Wells v. Drayton, 1 Mill (S. C.) 111; Block v. Hicks, 27 Ga. 522; Benziger v. Miller, 50 Ala. 692; People v. Estrado, 49 Cal. 171.

When a statement is made either to a man or within his hearing, that he was concerned in the commission of a crime, to which he makes no reply; the natural inference is that the imputation is well founded or he would have repelled it.

Best on Presumptions, par. 241; State v. Cleaves, 59 Me. 300; State v. Reed, 62 Me. 142; Kelly v. People, 55 N. Y. 565.

For definition of conspiracy see—

Bouvier's Law Dictionary; 2 Mass. 337; 4 Metc. (Mass.) 111; 4 Wend. (N. Y.) 229; 15 N. H. 396.

An indictable conspiracy is a confederation by two or more persons to commit an indictable offense.

2 Whar. Crim. Law. (8 Ed.), par. 1237; 4 Sharswood's Blackstone, p. 136, note 10; 4 Am. and Eng. Ency. of Law (1 Ed.), p. 583.

In order to render the admissions of one co-conspirator admissible in evidence against the other conspirators, it must appear that the admissions were made during the pendency of the unlawful enterprise.

9 Am. and Eng. Ency. of Law (1 Ed.), p. 344; People v. Moore, 45 Cal. 19; People v. English, 52 Cal. 212; Clinton v. Estes, 20 Ark. 216; State v. Jackson, 20 La. Ann. 354; State v. Duncan, 64 Mo. 262; Lynes v. State, 36 Miss. 617; Benford v. Sanner, 40 Pa. St. 9; Phillips v. State, 6 Tex. App. 364; Hunter v. Com., 7 Gratt. (Va.) 641; U. S. v. Hartwell, 3 Cliff. (U. S.) 221; 4 Am. & Eng. Ency. of Law (1 Ed.), pp. 631, 632; Phoenix Ins. Co. v. Moog, 78 Ala. 284; Sundry Goods v. U. S., 27 U. S. (2 Pet.) 358; Nudd v. Burrows, 91 U. S. (23 Wall.) 438.

And that the admissions were made in furtherance of a common design.

> Whar. Crim. Ev. (8 Ed.), par. 698; Nudd v. Burrows, 91 U. S. 426; U. S. v. Hinman, 1 Bald. 292; U. S. v. Gooding, 12. Wheat. 467; U. S. v. Graff, 14 Black 381; Lee v. Emaprey, 43 N. H. 13; Com. v. Crowninshield, 10 Pick. 497; Com. v. Waterman, 122 Mass. 43; State v. Grady, 34 Conn. 18; Ormsbey v. People, 53 N. Y. 472; Confer v. McNeal, 74 Penn. St. 112; Clawson v. State, 140 St. 234; People v. Pitcher, 15 Mich. 397; Philpot v. Taylor, 75 Ill. 309, and numerous other authorities cited in appellant's brief.

But the most solemn admissions made by him after the conspiracy is at an end is not evidence against his accomplices.

> Whar. Crim Ev. (8 Ed.), par. 699; 4 Am. and Eng. Ency. of Law (1 Ed.), p. 632.

It is the duty of the trial judge to advise the jury not to convict on the evidence of an accomplice who is uncorroborated.

> Whar. Crim. Ev. (8 Ed.), par. 441; U. S. v. Troax, 3 McLean 224; U. S. v. Goldberg, 7 Biss. 175; State v. Howard, 23 Vt. 380; Com. v. Bosworth, 22 Peck. 397; Com. v. Price, 10 Gray 472; Com. v. Snow, 111 Mass. 411; Com. v. Scott, 123 Mass. 222; State v. Wolcott, 21 Conn. 272; People v. Evans, 40 N. Y. 1; People v. Haynes, 55 Barb. 450; Carroll v. Com., 84 Pa. St. 107; Stocking v. State, 7 Ind. 326, and numerous other authorities cited in appellant's brief.

The best evidence of which the case is in its nature susceptible must be produced, or its absence satisfactorily accounted for before secondary evidence can be admitted.

> 1 Greenleaf's Ev. (13 Ed.), par. 82, 87;

> Whar. Crim. Ev., 748, 749, 741 and note 1, pages 602 and 604; 1 Starkie's Ev., p. 437; Whar. Crim. Ev. (8 Ed.), par. 206.

The truth of written acts is established by the acts themselves; that is by the inspection of the originals.

> Domat's Civil Law, Liv. 3, tit. 6, par. 2 as translated in 7 Monthly Law Mag., p. 73, cited in 1 Greenl. Ev. (13 Ed.), note 1, p. 111.

It is ground for a new trial that a judge expresses himself as to inferences of fact, so that the jury understands him to be stating principles of law.   And this is eminently the case, when a question of fact is taken from the consideration of the jury, or a detrimental fact is assumed without proof.

> Whar. Crim. Pl. and Pr. (9 Ed.), pars. 798 and 709; Chambers v. People, 105 Ill. 409; State v. Rothchild, 68 Mo. 52; State v. Ticket, 13 Nev. 502; Smith v. State, 41 N. J. L. 370; State v. Carter, 76 N. C. 20; Goldsmith v. State, 63 Ga. 85.

An instruction which goes to the weight of the evidence of the defendant in a criminal case is bad for the reason that it invades the province of the jury.

> Par. 2994, Compiled Laws New Mexico, 1897; 1 Thompson on Trials, pars. 218, 219, 2421; Muley v. State (Tex.), 18 S. W. 411, 40; Crutchfield v. Richmond & R. Co., 76 N. C. 320; State v. Tickle, 13 Nev. 502, 508; Territory v. O'Donnel, 4 N. M. 66; Senior v. State, 22 S. E. 404.

It is held that if a court instruct a jury that an inference of fact is a presumption of law, a new trial will be awarded.

> Whar. Crim. Pl. and Pr. (9 Ed.), pars. 794-798; Moore v. State, 85 Ind. 90, 26 Ind. 493; State v. Bailey, 1 Wins. N. C. 137; State v. Whitney, 7 Or. 386; People v. Messersmith, 61 Cal. 246; State v. Williamson, 42 Conn. 261;

State v. Lynott, 2 Ames (R. I.) 295; Watson v. People, 64 Barb. 130; Nolan v. State, 19 Ohio 131; Bill v. People, 14 Ill. 432; Cicero v. State, 54 Ga. 257, 62 Ga. 314, 67 Ga. 76.

The law presumes that all witnesses tendered in a court of justice, are not only competent but credible.

Wharton's Crim. Ev. (8 Ed.), pars. 358-429; Greer v. State, 53 Ind. 420; State v. Swain, 68 Mo. 605.

When a defendant goes upon the witness stand in a criminal action he occupies the same position as any other witness.

State v. Webb (Idaho), 55 Pac. 892; Thompson on Trials, par. 2421; Buckley v. State, 62 Miss. 705; People v. Hopper, 47 N. W. (Mich.) 221; Hoge v. People, 117 Ill. 35; Landrum v. State, 63 Miss. 107; Boyd v. State, 16 Lea 148.

The court must do its duty in a criminal case whether counsel do so or not. It is to the court that the accused has a right to look to see that he has a fair trial.

People v. Murray, 40 N. W. (Mich.) 29.

The court may properly upon its own motion rule out improper evidence whether objected to by counsel or not.

People v. Wallace, 26 Pac. (Cal.) 650; Parker v. Smith, 4 Cal. 105.

The parties can not by any agreement they make concerning the admission of evidence, compel the court to overthrow the law.

Monfort's Admr. v. Rowland, 38 N. J. Eq. 181; Barker v. Dixie, Lee temp. Hardw. 264; 3 Greenl. Ev., par. 294; 1 Dan., Ch. Pr. 894; Owen v. Thomas, 3 Myl. & K. 353.

It is the duty of the trial court to instruct the jury properly and fully, as to the law in all criminal cases,

whether requested to do so or not, and its failure to do so is reversible error.

> Territory v. Aguilar, 8 N. M. 496; Territory v. Friday, 8 N. M. 204.

Concerning errors and appeals—

> State v. Bell (N. C.), 9 S. E. 548; State v. McGinnis (Or.), 20 Pac. 632; Territory v. Mooney (Mont.), 19 Pac. 595; State v. King (Iowa), 38 N. W. 549 and cases cited; Hill v. State (Tex.), 3 S. W. 764-749; McCabe v. Com., 8. At. (Pa.) 45; Price and Walker v. Wood, 9 N. M. 397.

Where the motion for a new trial is founded on the errors of the trial court in the conduct of the trial, a new trial is a matter of course unless it is apparent that the errors complained of did not and could not affect the verdict.

> 16 Am. and Eng. Ency. of L. (1 Ed.), p. 512; Merick v. Hemphill, 1 Hempst. (U. S.) 179; Morford v. Woodworth, 7 Ind. 83; Lewis v. State, 33 Ga. 131; People v. Scott, 6 Mich. 287; Horner v. Wood, 16 Barb. (N. Y.) 386; Hobbs v. Outlaw, 6 Jones L. (N. Car.) 174; Hook v. Craighead, 35 Mo. 380; Freeman v. Rankin, 21 Me. 446; Selleck v. Sugar H. Turnpike Co., 13 Conn. 453; McKey v. Leonard, 17 Iowa 569.

EDWARD L. BARTLETT, Solicitor-General, for appellee.

The court has no jurisdiction of this case for the reason that the record was not filed in time as required by law, it having been filed less than ten days prior to the first day of the term.

> Sec. 896, Compiled Laws 1897; sec. 3140; Comp. Laws 1897.

There is nothing in the transcript to show that the witnesses were sworn, and nothing that purports to be a transcript of the evidence. The purported evidence is not signed or certified by anyone.

See transcript.

Territory v. Archibeque, 9 N. M. 405; Railroad v. U. S., 9 N. M. 512-13.

This court has uniformly held that errors complained of must be specifically set out in the motion for new trial, and the attention of the trial court especially directed to them, so if any exist, they may be corrected by it.

Beall v. Territory, 1 N. M. 518; Archibeque v. Miera, 1 N. M. 160; Territory v. Anderson, 4 N. M. 214-228; Schofield v. Territory, 9 N. M. 534-538; Cerada v. Miera, 61 Pac. 125; Territory v. Guillen, 66 Pac. 531.

Exceptions to the decision of the court upon any matter of law arising during the progress of the cause to the giving or refusing of instructions must be taken at the time of such decision.

Sec. 3145, Comp. Laws 1897.

This section 3145 was section 2197 in the compilation of 1884 and in the case of Territory v. Padilla, 8 N. M. 564, this court said, citing Territory v. O'Donnell, 4 N. M. 208 (in present edition, p. 196), and Territory v. Baker, 4 N. M. 236: "That where no objection or exception was shown by the record to have been made to the instructions, they could not be considered here."

Territory v. Yarberry, 2 N. M. 391; Territory v. Leonardo, 1 N. M. 291; Coleman v. Bell, 4 N. M. 21; U. S. v. Bretling, 20 How. 352; Wood v. Welmer, 104 U. S. 786; Sierra Co. v. Dona Ana Co., 5 N. M. 190; Laird v. Upton, 8 N. M. 409-413; Rogers v. Richards, 8 N. M. 661; Railroad v. United States, 9 N. M. 311.

## STATEMENT OF THE CASE.

This is an appeal from the district court of Guadalupe county; the defendant was convicted of larceny, and sentenced to imprisonment in the penitentiary for a

term of four years.   Defendant moved for a new trial, which was denied.   Appeal was prayed for and allowed to this court.

It appears by the testimony that one Casaus, being the owner of upwards of two thousand sheep, was engaged in dipping them at his corral in Guadalupe county, in August, 1899.   While so engaged, one of his neighbors called upon him and claimed compensation for damages suffered by reason of Casaus driving his sheep across complainant's planted field.   On examination it was found that a number of sheep had left the corral of Casaus, apparently driven by two people on foot for some distance, when it appears from the tracks following the sheep that the parties driving them had mounted their horses and continued to drive the sheep on horseback.   This trail was followed by the employees of Casaus several miles to the north and west, when one of them came upon the defendant with the sheep near the defendant's ranch.

One Rael was also found in defendant's ranch-house.   No other people were in that vicinity, and the nearest ranch was three or four miles distant.   Both Rael and the defendant admitted to Casaus that they drove the sheep from his corral, Rael claiming that he was compelled to do so by reason of threats made by defendant.

Defendant sought to compromise the matter by the execution of a contract, wherein he agreed to allow Casaus the use of his ranch for lambing purposes.

Five witnesses were sworn on behalf of the Territory.   The testimony of each tended strongly to confirm the larceny by defendant.   The defendant was sworn in his own behalf, and denied the larceny.   He admitted the execution of the contract, but claimed it was made for the purpose of settling the matter in the magistrate's court.

Defendant had employed counsel, who withdrew from the case when it was moved for trial.   Thereupon

the court appointed special counsel to take charge of defendant's case.

No exceptions were taken on the part of the defendant upon the trial nor were any exceptions noted to the charge of the court.

OPINION OF THE COURT.

McMILLAN, J.—The second and third grounds of error assigned on behalf of the defendant are to the admission of testimony. No objection or exception was made by defendant to the admission of any testimony, and these assignments are therefore untenable.

The fourth ground of error assigned is to the instructions given by the court. No exceptions were noted to any of the instructions, as given; the defendant having waived any right he may have had in that behalf, he cannot now urge exceptions for the first time in this court.

The fifth ground of error assigned is to the effect that it does not appear from the evidence in this case that the crime complained of and charged against the defendant was committed within the jurisdiction of this court. This ground may be considered, as it goes to the jurisdiction of the court and may be raised for the first time on appeal; it, however, is not well taken, for the reason that it appears conclusively from the testimony offered on behalf of the Territory that the larceny was committed within the county where the cause was tried. One witness testified as follows:

"Q. What county was that corral in, that the sheep of Leandro Casaus was in—the corral the sheep were taken out of? A. County of Guadalupe.

"Q. What county is the place you found these sheep in, near the house of Jose Manuel Gonzales? A. In the county of Guadalupe."

Another witness testified as follows:

"Q.  What county is Puerto in, where these sheep were taken from, out of your corral?  A.  Guadalupe county.

"Q.  In what county is the ranch and house of this defendant?  A.  In Guadalupe county."

The sixth and seventh assignments of error are general in character, and are to the effect that the verdict is contrary to the law and the evidence, and that it is based on incompetent and illegal testimony.  Neither of these grounds can be considered by the court,  for the reason that the attention of the court is not called specifically to any objections or exceptions raising the question of the incompetency or illegality of testimony offered on behalf of the Territory throughout the trial; indeed none were made or taken.  To entitle a party to have the admission or rejection of evidence upon the trial, considered upon appeal, it is essential that his objections should be taken during the progress of the trial and his exceptions noted.

"Exceptions to the decision of the court upon any matter of law arising during the progress of the cause, or to the giving or refusing of instructions, must be taken at the time of such decision."  Compiled Laws of 1897, section 3145.

This case being without an exception, either as to the admission or rejection of testimony or the charge of the court, under the oft-repeated decisions of this court, there is nothing before it for consideration.

In Territory v. Padilla, 8 N. M. 564, this court held:

"That where no objection or exception is shown by the record to have been made to the instructions, they could not be considered here.  It is specifically held that our statutes requiring exceptions to be taken at the time to the court's decision, applies as well to criminal as to civil cases."

In Territory v. O'Donnell, 4 N. M. 196, this court held that:

"Exceptions to the decision of the court upon any

matter of law arising during the progress of the case, or to the giving or refusing of instructions, must be taken at the time of such decision."

This court will not consider errors alleged to have been committed in the trial of the case not excepted to in the trial court at the time the ruling was made. The California Fruit Co. v. Stamm, 9 N. M. 366.

The rule is universal that nothing which occurs in the progress of a trial can be assigned for error on appeal, unless it is brought to the attention of the court below and passed upon directly or indirectly. Wood v. Weimar, 104 U. S. 786,

Where no exceptions are taken at the trial to the rulings of the court, there is nothing before the Supreme Court on appeal to consider. The appeal from the judgment below does not operate as an exception. Young v. McClain, 8 Ind. 357.

No motion was made on behalf of the defendant in arrest of judgment, although the record does disclose that the defendant took an exception to the order of the court overruling his motion for a new trial. This will not, however, avail defendant anything, as he cannot bring up for review, on his motion for a new trial, any questions not properly raised by exceptions taken during the progress of the trial. In 16 Iowa 260, Judge Dillon, writing the opinion of the court, says:

"It is generally held that exceptions previously taken may be embodied in a motion for a new trial, and in this manner preserved and brought before the appellate tribunal; but all rulings not excepted to and all exceptions not embodied in the motion for a new trial, are by the appellate court deemed waived."

We find nothing in the case presented on behalf of the defendant to justify further consideration. The defendant having waived his objections and exceptions during the progress of the trial, cannot now avail himself by presenting objections and exceptions which he might have taken.

We therefore find no error in the record presented herein. The judgment and sentence of the court below should be affirmed, and it is so ordered.

Baker, McFie and Parker, JJ., concur.

Mills, C. J., having tried the case below did not participate in this decision.