This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                              **NO. 35,900**

**PATRICK J. HINDS,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Clark, Jones & Pennington, LLC
Elden Pennington
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}**    The State appeals from the district court's order permitting Defendant to

withdraw his plea of no contest on the charge of accessory to unauthorized hunting, after Defendant paid his fine and successfully served his deferred sentence. The State's docketing statement raised three issues that were either irrelevant, hypothetical or unclear and undeveloped. On these grounds, our notice of proposed summary disposition, proposed to affirm the district court's order. The State has filed a motion to amend the docketing statement and a motion to supplement the record with two exhibits: Defendant's signed waiver of counsel form and waiver of trial form that were filed in the magistrate court. The State has not complied with our rules and case law governing motions to amend the docketing statement. The motion to amend, therefore, is **DENIED**. With no other viable or pursued issues before us, we deny the motion to supplement the record, and affirm.

{2}	In our notice, we explained why we found the State's issues in the original docketing statement to be irrelevant and hypothetical or unclear and undeveloped and warned the State that if it sought to amend the docketing statement, it must comply with our rules and case law governing such motions, "specifically including the requirement that it contain a statement of how any issues it may seek to add were preserved." [CN 4] In response to our notice, the State filed a motion to amend the docketing statement indicating that the "Amended Docketing Statement more accurately frames the issue on appeal from the district court's order[.]" [Motion to

Amend 1] The State now asks this Court as the sole issue on appeal whether the district court's "finding that Defendant's waiver of counsel was not knowing and intelligent [is] supported by the evidence." [Amended DS 3]

{3} In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{4} Neither the motion to amend nor the amended docketing statement itself contains a statement of how the State complied with Rule 12-208(F) NMRA and our case law. The State simply asserts that Defendant raised the issue regarding the sufficiency of the evidence to support the finding that Defendant's waiver of counsel

was not knowing and intelligent in the magistrate court and again in district court, and that the State opposed it. [Amended DS 3] The amended docketing statement also states, however, that the district court rejected the grounds upon which Defendant sought to withdraw his plea—that his plea was not knowing, intelligent, and voluntary because he was not advised of the collateral consequences by the magistrate court—and ruled on a different basis that invalidated Defendant's waiver of the right to counsel. [Amended DS 3] The State does not explain what arguments it raised, if any, in the district court proceedings against that ruling, in order for us to assess whether the State properly preserved the argument it raises on appeal regarding the waiver of counsel. The State does not provide us with any argument or authority indicating that it may raise this challenge to the district court's ruling for the first time on appeal, and we observe that the district court's ruling is not a jurisdictional matter that could exempt it from the need to object below. As a result, the State has not provided this Court with all the information necessary to decide the issue it seeks to add and has not shown good cause. *See Rael*, 1983-NMCA-081, ¶ 7 (explaining that we deem the showing of proper preservation or the absence of the need for preservation to be "limitations essential to a showing of good cause for our allowance of an amended docketing statement").

{5}     Importantly, we also note that to the extent the State now complains that the

4

district court's finding was not supported by the evidence, it does not explain whether it objected to the nature of the district court proceeding and district court's failure to hear the relevant evidence. *See* NMSA 1978, § 35-13-2(A) (1996) ("Appeals from the magistrate courts shall be tried de novo in the district court."); *State v. Sharp*, 2012-NMCA-042, ¶ 11, 276 P.3d 969 (reversing the district court's on-record review of the magistrate court on the grounds that "in de novo appeals from the magistrate court, the district court is not in any way bound by the magistrate court's decision, and it is incumbent upon the district court to make an independent determination . . . as if the trial in the magistrate court had not occurred." (alteration, internal quotation marks, and citations omitted)); *cf. State v. Gallegos*, 2007-NMCA-112, ¶¶ 4-6, 15-19, 142 N.M. 447, 166 P.3d 1101 (holding that it was proper for the district court to conduct an evidentiary hearing on the plea, including hearing testimony from the magistrate judge who took the plea, where the record does not reveal all relevant considerations to the district court's determination of whether the district court has jurisdiction over a direct appeal from a conviction entered pursuant to a plea).

{6}     The State explains that the district court held a hearing, did not take any testimony, and simply asked the parties for supplemental authority. [Amended DS 3] This demonstrates that the State had the opportunity to object to the district court's refusal to take evidence and indicates that it did not object. Instead of explaining

5

whether it brought this problem to the attention of the district court, the State now complains that the district court's decision was not supported by the evidence. As we stated above, our case law requires the appellant and movant to explain how the issues were properly preserved or why they may be raised for the first time on appeal. Because the State has not done so, we deny the State's motion to amend the docketing statement. *See Rael*, 1983-NMCA-081, ¶ 7 ("The allowance of an amendment to the initial docketing statement is discretionary with the appellate court on appeal.").

**{7}** The State has not raised any other issues and does not oppose our proposed analysis of the issues raised in the original docketing statement. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (explaining that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned). Thus, there are no other issues before this Court, and no need to supplement the record. The motion to supplement the record is therefore denied. We affirm district court's order.

**{8}** **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

6

_____
**STEPHEN G. FRENCH, Judge**